**Raul GUZMAN, a/k/a Rutillo Guzman, Appellant,**

v.

**The STATE of Texas, Appellee.**

Nos. 13–86–428–CR, 13–86–429–CR, 13–86–472–CR through 13–86–487–CR.

Court of Appeals of Texas, Corpus Christi.

April 30, 1987.

Ricardo Luarel, Corpus Christi, for appellee.

Grant Jones, Dist. Atty., Corpus Christi, for appellant.

## OPINION

PER CURIAM.

Appellant was convicted of burglarizing eighteen habitations. The appeal in each conviction was filed in this Court on the same date and each was given a separate docket number. The appeal in cause number 13–86–428–CR resulted from a jury trial in which the jury determined guilt, assessed punishment, and probated sentence for ten years. The appeals in the other seventeen convictions resulted from combined pleas of guilty to the court. Punishment in each was assessed at 15 years in the Texas Department of Corrections.

Although docketed as eighteen separate appeals, there were effectively two proceedings, and two appellate records were produced. The parties have filed one brief for the collective convictions. Points of error one and two concern the guilty pleas. Point three concerns the jury trial and al-

leges that the evidence is insufficient to sustain the conviction. We address this point first.

Appellant was charged (in cause number 13–86–428–CR) with entering Sergio Vasquez' habitation, without Vasquez' effective consent, with the intent to commit theft. Vasquez testified that his home was burglarized, that certain items were taken, that he did not know appellant, that he had not given anyone consent to enter his house on the day of the burglary, and that appellant had never been a guest in his house. A technician with the Corpus Christi Police Department testified that fingerprints were taken off a window screen, a cassette tape, and a doorknob inside the Vasquez house during an investigation of the burglary. The prints were identified as appellant's.

Appellant argues the evidence is insufficient because:

(1) there is no evidence that appellant's fingerprints were made at the time of the burglary, and

(2) the evidence does not preclude the possibility that Vasquez's wife permitted appellant to enter the house.

A review of Vasquez' testimony shows no direct evidence explicitly addressing these points. However, Vasquez testified that from 2:00 p.m. until he returned home that evening at approximately 9:30 p.m., both he and his wife were away from the house. Upon coming home, he found the front door open, the house a "mess," and certain items missing. A screen had been removed from a side window. Vasquez further testified that his wife had not removed the screen, that she did not know appellant, and that appellant had never been a guest in the house.

■ Generally, fingerprint evidence alone will be sufficient to sustain a conviction if the evidence shows that the prints were necessarily made at the time of the burglary. *Bowen v. State*, 460 S.W.2d 421 (Tex.Crim.App.1970). Here, the evidence shows that appellant's prints were found inside the house and on the screen of the window that police described as the point of entry. Vasquez testified that his wife did not know appellant, and that appellant had never been a guest in the house. This testimony, combined with Vasquez' testimony that he did not know appellant or give him permission to enter the house, raises an inference that appellant entered the Vasquez habitation without his or his wife's effective consent. If Vasquez' testimony is believed, the only time appellant's prints could have been left in the house was during the burglary. Appellant's third point of error is overruled. The judgment of the trial court (in cause number 13–86–428–CR) is affirmed.

■ In his first point of error, appellant contends that sixteen of the seventeen convictions arising from his guilty pleas should be reversed because he was previously placed in jeopardy for the offenses. Although appellant did not raise a jeopardy objection in the trial court, the question of former jeopardy is fundamental in nature and may be raised for the first time on appeal. *Jones v. State*, 586 S.W.2d 542 (Tex.Crim.App.1979). To place appellant's claim of prior jeopardy in perspective, the following background is necessary.

■ Appellant was charged in one indictment with 20 counts of burglary. Each count involved the burglary of a different habitation. The joinder of these offenses in one indictment was proper. Tex.Code Crim.Proc.Ann. art. 21.24 (Vernon Pamphlet Supp.1987).

In May 1986, appellant was found guilty of the burglary charged in count 2 of this indictment, the burglary of Sergio Vasquez's habitation. In August 1986, appellant plead guilty to sixteen additional burglaries alleged in that indictment. Appellant now argues that his trial in May placed him in jeopardy on all of the counts in the indictment.

Appellant argues that jeopardy attached to the indictment when the jury was selected and impaneled, that the State elected to proceed only on count 2, and that by so electing, appellant was effectively acquitted on the remaining counts in that indictment. The State responds to appellant's argument that "it was decided that there

would be a separate trial for each offense, that is, a trial for each and every count ..." The State also argues that had the first proceeding been a trial on all the counts in the indictment, it would have read all the counts to the jury, but did not do so because of a previous agreement with appellant to have a separate trial for each count.

■ The State's assertion that it had an agreement with appellant is not supported by the record. We find no agreement in the record that appellant would be separately tried on each count in the indictment. While the State's explanation may accurately reflect what occurred off the record at the proceedings below, assertions in an appellate brief unsupported by the record will not be accepted as fact, *Vanderbilt v. State*, 629 S.W.2d 709 (Tex.Crim. App.1981), and we will address appellant's contention reviewing only the record before us.

■ Appellant is correct in stating the general rule that jeopardy attaches to an indictment when the jury is selected and impaneled. *Crist v. Bretz*, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978); *McElwee v. State*, 589 S.W.2d 455 (Tex.Crim.App. 1979).[1] However, despite his correct statement of the law, appellant has not shown this Court that the convictions resulting from his guilty pleas constituted double jeopardy. As with any other affirmative defense, the burden is on the accused to prove a jeopardy violation. *Wockenfuss v. State*, 521 S.W.2d 630 (Tex.Crim.App.1975).

In the present case, although appellant was not required to object to raise a jeopardy issue on appeal, his failure to object, to develop the issue in the trial court, or to introduce evidence in support of his contention, has deprived this Court of facts sufficient to grant appellant his requested relief.

The record made in the guilty plea convictions contains nothing concerning a jeopardy issue. Indeed, if we confine our review only to the record made in that proceeding, we are unable to determine that appellant had been convicted previously on the same indictment.

■ If we expand the scope of our review to the record made in the jury trial, the jeopardy issue is further developed, but only to the extent that it shows a previous conviction on the same indictment.[2] This record contains nothing concerning the existence or lack of an agreement. However, it is apparent from this record that the parties discussed matters off the record which might pertain to the existence of an agreement or appellant's desire to be separately tried on each count. As noted above, however, the extent of an agreement was not made on the record.

■ If appellant consented to separate trials, he is not entitled to the relief he seeks. *Jeffers v. United States*, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977) (if accused could have been tried in one proceeding for various offenses, but chooses separate trials, he cannot complain of a jeopardy violation).

■ The situation before us is that appellant may, or may not, be entitled to relief depending on whether he agreed to be separately tried on each count in the indictment. Appellant has shown this Court only that he was tried twice on the same indictment. He has not shown that he did not consent to this procedure. Since it is the accused's burden to establish a jeopardy violation, and since appellant has not shown that he did not consent, he has not established his entitlement to relief. *Cf. Satterwhite v. State*, 505 S.W.2d 870 (Tex.Crim.App.1974) (Court needs statement of facts from first trial to determine jeopardy issue regarding jury's discharge at first trial); *Shaffer v. State*, 477 S.W.2d

---

1. If it is the State's contention that appellant was not placed in jeopardy on all the counts because not all counts were read to the jury, the State is wrong. Although this was the rule in Texas before *Crist v. Bretz*, it is not the rule now. *McElwee v. State*, 589 S.W.2d at 455.

2. Where a defendant has a related case on appeal, we may look to the record in the related case. *Reynolds v. State*, 548 S.W.2d 733 (Tex. Crim.App.1977).

873 (Tex.Crim.App.1972) (Court unable to determine jeopardy issue of collateral estoppel where defendant had not brought a complete record of first proceeding); *See also Ex parte Rogers*, 632 S.W.2d 748 (Tex. Crim.App.1982); *Hutchings v. State*, 466 S.W.2d 584 (Tex.Crim.App.1971) (Onion, C.J., concurring).

If we were to reverse the appellant's convictions arising from the second prosecution on the record before us, we would effectively be placing a burden on the State to negate the existence of a jeopardy violation in the second proceeding at a time when no objection had been voiced by appellant. As noted above, the burden to establish a jeopardy violation is on the accused.

█ We note, however, that appellant is not foreclosed from establishing his right to relief by way of habeas corpus should there have been no consent to the procedure. *Ex parte Myers*, 618 S.W.2d 365 (Tex.Crim.App.1981). This is true even though appellant pled guilty. *Ex parte Scelles*, 511 S.W.2d 300 (Tex.Crim.App. 1974). *See Menna v. New York*, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975). Through habeas corpus the parties will be able to develop the existence or lack of agreement to proceed to separate trials on the indictment. This controversy could have been avoided had the State filed and been granted a motion to sever the counts, or had the asserted agreement been made on the record.

Because the record is insufficiently developed, we overrule appellant's first point of error. The judgments in cause numbers 13–86–472–CR through 13–86–487–CR are affirmed.

█ In his second point of error, appellant argues that his plea of guilty, entered simultaneously with the sixteen pleas addressed above, was involuntary because the trial court did not inform him that his probation in cause number 13–86–428–CR would not begin to run until he was released from the Department of Corrections. This point requires little discussion. We point out to both the State and appellant that a probation judgment may

not be cumulated with a sentence that assesses a prison sentence or jail time. *Green v. State*, 706 S.W.2d 653 (Tex.Crim. App.1986). Moreover, we do not find in the record that the trial court even attempted to cumulate the probation judgment.

█ Appellant also argues in this point of error that the plea was involuntary because of the threat of double jeopardy. There is nothing in the record to support appellant's claim. Accordingly, appellant's second point of error is overruled. The judgment in cause number 13–86–429–CR is affirmed. All of appellant's points have been considered, and all eighteen of his convictions are AFFIRMED.

Justice BENAVIDES, J., not participating.