Gerald Yale DAVID, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–90–00477–CR.

Court of Appeals of Texas,
Dallas.

April 10, 1991.

Lawrence B. Mitchell, Dallas, for appellant.

Patricia Poppoff Noble, Dallas, for appellee.

Before ROWE, LAGARDE and OVARD, JJ.

## OPINION

OVARD, Justice.

Gerald Yale David appeals his conviction for aggravated sexual assault. Upon his open plea of guilty, the trial court found him guilty and assessed punishment at forty-five years' confinement. The single issue we are called upon to determine is whether his conviction and sentence unconstitutionally placed David twice in jeopardy for the same offense. Because we determine that this conviction was for an offense requiring additional proof of a different essential element from his other conviction, we affirm.

## PROCEDURAL AND FACTUAL BACKGROUND

In a bench trial, David pleaded guilty to three indictments charging him with aggravated sexual assault of a child and one indictment charging indecency with a child. At the trial's conclusion, the trial court found him guilty in all four cases. His punishment was assessed at forty-five years' confinement in each aggravated sexual assault case and twenty years' confinement in the indecency with a child cause. The sentences were all pronounced to run concurrently.

The indictment in the present case, under cause number F89–79719–TL, charged that David, on or about June 30, 1988, did knowingly and intentionally cause the penetration of the female sexual organ of D__ H__, a child, by his sexual organ. Another aggravated sexual assault conviction was in cause number F88–91805–NL. In that case, the indictment charged that David, on or about June 30, 1988, did knowingly and intentionally cause the penetration of the mouth of D__ H__, a child, by the sexual organ of the defendant. His other two convictions are not pertinent to his complaint on appeal.

At trial, David's judicial confessions were admitted into evidence. In those confessions he admitted to committing all offenses as they were charged in each indictment. Additionally, the State elicited testimony from D__ H__'s brother that he saw David "hunching" D__ H__ on June 30, 1988 in a motel room. Another witness also testified about observing the vaginal penetration. D__ H__ did not testify.

David testified that the only sexual activity he had with D__ H__ occurred on June 30, 1988. He denied actual penetration of her sexual organ and equivocated as to his sexual behavior with the child. There was no testimony by any witness concerning David's penetration of her mouth. His signed judicial confession was the only evidence that proved that offense.

## DOUBLE JEOPARDY COMPLAINT

■ In his single point, David contends the two indictments charging aggravated sexual assault of D__ H__ on the same date, June 30, 1988, are actually charging the same offense committed by different methods. He argues that his penetration of D__ H__'s sexual organ and his penetration of her mouth by his sexual organ are merely different ways he used to perpetrate a solitary offense of aggravated sexual assault on D__ H__.

David relies on the Fifth and Fourteenth Amendments to the United States Constitu-

tion, article I, section fourteen of the Texas Constitution, and article 1.10 of the Texas Code of Criminal Procedure, all of which he points out protect individuals from twice being placed in jeopardy for the same offense. *See* U.S. CONST. amends. V, XIV; TEX. CONST. art. I, § 14; TEX.CODE CRIM. PROC.ANN. art. 1.10 (Vernon 1977). He begins his argument by analogizing his position to a hypothetical murder case where a defendant is charged, by two indictments, with causing the death of the same individual. One indictment, he hypothesizes, alleges the murder was caused by shooting with a gun, and the other by stabbing with a knife. Obviously, he emphasizes, only one conviction for murder could be obtained without violating double jeopardy protection.

Next he directs us to cases that admittedly are dissimilar from his case but which he feels support his position. These include a case holding that a person tried and convicted of an offense cannot later be tried a second time for an incident included within the same proof necessary to prove the first conviction. *May v. State*, 726 S.W.2d 573, 575 (Tex.Crim.App.1987) (double jeopardy protection prohibited a second trial for prosecution of driving while intoxicated, arising out of the same facts previously relied upon for an involuntary manslaughter conviction).

He points to statutes structured similarly to the aggravated sexual assault statute, such as the DWI law. He goes on to explain, show that the focal point should be that these statutes indicate only one offense may be committed, albeit in a variety of ways. He maintains that the Court of Criminal Appeals recognized such by holding that, when a statute provides for more than one way for a defendant to commit an act, the State must allege the manner and means it seeks to establish either separately or in disjunctive combination. *State v. Winskey*, 790 S.W.2d 641, 642 (Tex.Crim. App.1990) (an information charging a DWI offense may charge definitions of intoxication in the disjunctive, but it can result in only one conviction).

From these and other references, he concludes that the State violated his right to be protected against double jeopardy. He asserts that this violation occurred because the two convictions for aggravated sexual assault of D__ H__ resulted from his commission of a single offense committed by two different ways as charged in two individual indictments.

## LEGAL PRINCIPLES

█ As both sides recognize, constitutional protection against double jeopardy provides protection against: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Illinois v. Vitale*, 447 U.S. 410, 415, 100 S.Ct. 2260, 2264, 65 L.Ed.2d 228 (1980); *Ex parte Peterson*, 738 S.W.2d 688, 689 (Tex. Crim.App.1987). When a defendant is subjected to a single trial, only the third aspect of the protection, against multiple punishments, is involved. *Ex parte Herron*, 790 S.W.2d 623, 623–24 (Tex.Crim.App.1990).

Constitutional provisions speak of double jeopardy in terms of the "same offense" rather than "same transaction." In order to determine whether a defendant has been subjected to double jeopardy, we must apply a test for defining what constitutes the "same offense." *Ex parte McWilliams*, 634 S.W.2d 815, 823–24 (Tex.Crim.App.) (on reh'g), *cert. denied*, 459 U.S. 1036, 103 S.Ct. 447, 74 L.Ed.2d 602 (1982). The leading case in the area of double jeopardy protection against multiple punishments is *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *Blockburger* set out the test as follows:

> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.

*Id.*, at 304, 52 S.Ct. at 182. In *Blockburger*, the United States Supreme Court held that *consecutive* sentences under different sections of narcotic laws did not violate

double jeopardy protection even though only one sale was consummated because each offense required proof of a different element. *Id.* It is the convicted party's burden to establish facts necessary to demonstrate a double jeopardy violation. *Wockenfuss v. State,* 521 S.W.2d 630, 631 (Tex.Crim.App.1975); *Guzman v. State,* 732 S.W.2d 683, 686 (Tex.App.—Corpus Christi 1987, no pet.).

When reviewing a claim that a defendant's multiple sentences received in a single trial violate double jeopardy protections, "the question of what punishments are constitutionally permissible is not different from the question of what punishments the Legislative Branch intended to be imposed." *Ex parte Herron,* 790 S.W.2d at 625 (citing *Albernaz v. United States,* 450 U.S. 333, 344, 101 S.Ct. 1137, 1145, 67 L.Ed.2d 275 (1981)). This standard is applicable to statutory requirements that govern a trial court's sentencing decision and does not violate the double jeopardy clause. *See Ex parte Herron,* 790 S.W.2d at 625.

## LEGAL ANALYSIS

■ At the outset, we note that each of the forty-five year sentences involving the aggravated sexual assault of D— H— runs concurrently with the other. *Blockburger* indicates double jeopardy protection applies in multiple punishments for consecutive sentences derived from a single trial for the "same offense." *See Blockburger,* 284 U.S. at 304, 52 S.Ct. at 182. Although not specifically addressing concurrent sentences, logically such sentences do not twice jeopardize or put a defendant in danger of either additional or increased punishment.[1] We are unable to find cases confronting this specific issue, but we determine that where, as here, the defendant is

sentenced to two identical punishments that are pronounced to run concurrently, there was no additional punishment about which he could complain. Thus, no double jeopardy violation occurred.

■ Next, as we noted, it is David's burden to bring forward a record of facts that demonstrate how he was twice placed in jeopardy for the same offense. *See Wockenfuss,* 521 S.W.2d at 631; *Guzman,* 732 S.W.2d at 686. At trial, even though each offense may require substantial overlap in proof, it is the separate statutory elements of each offense that must be examined under the *Blockburger* test. *Ex parte McWilliams,* 634 S.W.2d at 824 (citing *Brown v. Alabama,* 619 F.2d 376 (5th Cir.1980)). Where each offense requires proof of an additional fact to prove an element that the other does not, multiple prosecution is not barred. *See Ex parte McWilliams,* 634 S.W.2d at 824; *Ex parte Joseph,* 558 S.W.2d 891, 893 (Tex.Crim.App. 1977) (prosecution for sodomy instituted after conviction for rape of same complainant, and arising out of same facts, is not prohibited); *Hughes v. State,* 673 S.W.2d 654, 656–57 (Tex.App.—Austin 1984), *pet. ref'd, per curiam,* 692 S.W.2d 64 (Tex. Crim.App.1985) (prosecution of defendant for two rapes of same victim on same day but under different circumstances, two separate punishments resulting from single trial permitted).

Our inquiry into the facts reveals that David has failed to provide us with facts supporting his double jeopardy claim. The evidence admitted at his trial shows that David committed two acts performed with his sexual organ, vaginal penetration and oral penetration of D— H—. The evidence reveals that both acts occurred in a motel room on June 30, 1988. The record, how-

---

1. Section 3.03 of the Texas Penal Code provides: "When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, sentence for each offense for which he has been found guilty shall be pronounced. Such sentences shall run concurrently." TEX.PENAL CODE ANN. § 3.03 (Vernon 1974); *see* SEARCY & PATTERSON, PRACTICE COMMENTARY, Tex.Penal Code Ann. § 303 (Vernon 1974).

Article 42.08 of the Texas Code of Criminal Procedure provides: "When the same defendant has been convicted in two or more cases, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction...." TEX.CODE CRIM PROC.ANN. art. 42.08 (Vernon Supp.1991).

ever, is silent as to when each act occurred in relation to the other. The only certainty is that they reasonably could not have occurred simultaneously. A further reasonable deduction necessitates a conclusion that one act must have been completed before the other began. We have no way of knowing what time elapsed or what events intervened, if any, between the two occurrences.

David testified the vaginal penetration never occurred, although in his judicial confession he admitted both acts of penetration. A State's witness testified to seeing the vaginal penetration, but did not indicate seeing oral penetration. One might reasonably deduce that this testimony indicates the oral penetration occurred at a different time outside the view of this witness. We determine that David has not sustained his burden of showing when the penetrations occurred in relation to each other.

Although there was some overlap of proof, such as same victim, date, and place, each conviction required the allegation and proof of an entirely separate element that the other did not. Clearly, one offense

necessarily must have been completed before the other began. Consequently, David's double jeopardy protection was not violated. *See Ex parte McWilliams,* 634 S.W.2d at 824; *Ex parte Joseph,* 558 S.W.2d at 893; *Hughes,* 673 S.W.2d at 656–57.

We believe *Ex parte Joseph* is particularly instructive. Although conceding *Ex parte Joseph* contains facts very near our case, David argues it is not applicable because it was decided prior to the 1974 Texas Penal Code revision.[2] In *Ex parte Joseph,* the Court of Criminal Appeals reasoned that double jeopardy was not violated because the offense of sodomy required proof of an element (copulation of an opening in the body which is not a sexual organ) that was not a requisite element to be proved for rape (penetration of the female sexual organ). *See Ex parte Joseph,* 558 S.W.2d at 893. We determine the court's reasoning is applicable under the double jeopardy test for determining whether David's two sexual assault convictions were for the same offense. The *Blockburger* test remains applicable to double jeopardy violations even though the case was

2. Prior to 1974, the Penal Code addressed the offenses of sodomy (oral penetration) and rape (vaginal penetration) in separate articles:

Article 1183. Rape
Rape is the carnal knowledge of a woman without her consent obtained by force, threats or fraud; or the carnal knowledge of a woman other than the wife of the person having such carnal knowledge with or without consent and with or without the use of force, threats or fraud, such woman being so mentally diseased at the time as to have no will to oppose the act of carnal knowledge, the person having carnal knowledge of her knowing her to be so mentally diseased; or the carnal knowledge of a female under the age of eighteen years other than the wife of the person with or without her consent and with or without the use of force, threats or fraud; provided that if she is fifteen years of age or over the defendant may show in consent cases she was not of previous chaste character as a defense.
Act of April 2, 1918, 35th Leg., 4th C.S., ch. 50, 1918 Tex.Gen.Laws 123, *repealed by* Act of May 28, 1973, 63rd Leg., R.S., ch. 399, § 3(a), 1973 Tex.Gen.Laws 883, 991.
Article 524. Sodomy
Whoever has carnal copulation with a beast, or in an opening of the body, except sexual

parts, with another human being, or whoever shall use his mouth on the sexual parts of another human being for the purpose of having carnal copulation, or who shall voluntarily permit the use of his own sexual parts in a lewd or lascivious manner by any minor, shall be guilty of sodomy, and upon conviction thereof shall be deemed guilty of a felony, and shall be confined in the penitentiary not less than two (2) nor more than fifteen (15) years.
Act of April 8, 1943, 48th Leg., R.S., ch. 112, 1943 Tex.Gen.Laws 194, *repealed by* Act of May 28, 1973, 63rd Leg., R.S., ch. 399, § 3(a), 1973 Tex.Gen.Laws 883, 991.
David was indicted and convicted under present Texas Penal Code section 22.021, which provides in pertinent part:
§ 22.021. Aggravated Sexual Assault
(a) A person commits an offense:
(1) if the person:

(B) intentionally or knowingly:
(i) causes the penetration of the anus or female sexual organ of a child by any means;
(ii) causes the penetration of the mouth of a child by the sexual organ of the actor.
TEX.PENAL CODE ANN. § 22.021(a) (Vernon 1989).

decided in 1932, over four decades before the 1974 Texas Penal Code revision.

We return now to David's hypothetical that only one conviction can result from the murder of one victim by a defendant, regardless of multiple causes of death. We believe the analogy is misplaced, because the essential element necessarily alleged and proved for every murder is that the accused *caused the death* of the decedent. This same element is necessarily required to be proved by the same proof. Although we are unable to find a case so holding, we believe it should be apparent that you can murder an individual only once. A defendant can, however, rape an individual, kidnap that person, and rape the same victim again on the same day, constituting three separate offenses. Three separate punishments may be assessed without violating double jeopardy protection. *See Hughes*, 673 S.W.2d at 655–56.

Further, David's reliance on such cases as *May, Winskey*, and others is misplaced. These cases refer to factual situations where the convictions rely upon the *same proof* to prove elements of the different charged offenses. As we have explained, here completely different proof is required in order to prove separate elements for each offense although tried during a single trial.

Finally, legislative intent was achieved by the trial court's imposition of concurrent sentences. Section 3.03 of the Texas Penal Code provides that when an accused is found guilty of more than one offense arising out of the same criminal episode, prosecuted in a single criminal action, the sentences shall run concurrently. The trial court explicitly complied with the statute as intended by the legislature. For all of the above stated reasons, we overrule David's point of error.

We affirm the judgment of the trial court.