Robert E. COCHRAN, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 01–92–1126–CR, 01–92–1127–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 17, 1994.

Rehearing Denied June 2, 1994.

Allen C. Isbell, Houston, for appellant.

John B. Holmes, Rikke Burke Graber, Tommy Lafon, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and HUTSON–DUNN and MIRABAL, JJ.

## OPINION

HUTSON–DUNN, Justice.

Appellant was charged by indictment with three counts of aggravated sexual assault of a child. A second indictment charged him with the offense of injury to a child. A jury found appellant guilty of both charges and all counts, found the enhancement paragraph true, and assessed punishment at 30 years confinement and a fine of $5,000 for each count of aggravated sexual assault, and 20 years confinement and a $10,000 fine for the offense of injury to a child.

Appellant brings eight points of error. He asserts insufficiency of the evidence, denial of his right to confront the accuser, and double jeopardy. We affirm.

In points of error one through three, appellant asserts that the evidence is insufficient to support a finding beyond a reasonable doubt that appellant committed aggravated sexual assault. The State alleged three acts of penetration, i.e., the penetration of the child's sexual organ by appellant's sexual organ and finger, and the penetration of the child's mouth by appellant's sexual organ.

A person commits the offense of aggravated sexual assault if the person

intentionally or knowingly: (i) causes the penetration of the anus or female sexual organ of a child by any means; (ii) causes the penetration of the mouth of a child by the sexual organ of the actor; (iii) causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor; or (iv) causes the anus of a child to contact the mouth, anus, or sexual organ of another person, including the actor.

TEX.PENAL CODE ANN. § 22.021(a)(1)(B) (Vernon 1989).

During direct examination, the child testified that appellant touched her with his fingers outside of her vagina only, and on top of her panties, that his underwear was on when his penis touched her vagina, and that his underwear was on when his penis touched the outside of her mouth. Upon redirect, the prosecutor questioned the child further as follows:

Q: Did you ever tell Wendy that he touched your vagina with his penis without his underwear on?

A: Yes.

Q: And did you tell Wendy that he put his penis inside your vagina?

A: Yes.

Q: And did you tell Wendy that he put his penis inside your mouth without his underwear on?

A: Yes.

Q: And when you talked to Wendy, were you telling the truth or were you telling her a lie?

A: Telling her the truth.

Q: Did you tell Wendy that when he touched you with his finger that he put his finger inside your panties and inside your vagina?

A: Yes.

Q: And when you told her about that, were you telling her the truth or a lie?

A: The truth.

Appellant argues that the evidence of penetration was impeachment testimony evidence offered by the prosecution following the child's in-court testimony and demonstrations that did not support the allegations of penetration. Appellant cites *Wall v. State*, 417 S.W.2d 59, 62 (Tex.Crim.App.1967), for the proposition that impeachment testimony cannot be used as primary evidence. Without primary evidence of the facts, the evidence would be insufficient to sustain the conviction. *Id.* The issue here is whether or not the child's testimony during redirect examination, where she testified that appellant penetrated her, is impeachment testimony.

■ Counsel impeaches a witness when he provides evidence that the witness is unworthy of belief or credit. *Ransom v. State*, 789 S.W.2d 572, 587 (Tex.Crim.App.1989), *cert. denied*, 497 U.S. 1010, 110 S.Ct. 3255, 111 L.Ed.2d 765 (1990). The State's introduction of prior inconsistent statements of a witness called to testify on its behalf does not automatically constitute impeachment. *Id.* (citing *Jackson v. State*, 516 S.W.2d 167, 175–76 (Tex.Crim.App.1974).

■ The child in this case was four years old at the time she testified. When the prosecutor reminded her of her conversations with Wendy, she admitted telling Wendy that appellant had penetrated her. She did not try to explain her remarks or say they were incorrect statements. To the contrary, she readily admitted their truth. The prosecutor was not attacking her credibility. The prosecutor simply was trying to help a very young child, who was likely to be intimidated by the trial process, to express herself as she had done previously. Further, the State's case was dependent upon the jury believing this witness. *Ransom*, 789 S.W.2d at 587.

We find that the State did not impeach this witness.

Having found that the child's testimony was not impeachment testimony we can address the sufficiency of the evidence. In reviewing the sufficiency of the evidence, an appellate court must view the evidence in the light most favorable to the verdict to determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979). This Court may not sit as a thirteenth juror and disregard or reweigh the evidence. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App.1988). If there is evidence that establishes guilt beyond a reasonable doubt, and the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of the evidence grounds. *Id.; Glass v. State*, 761 S.W.2d 806, 807 (Tex.App.—Houston [1st Dist.] 1988, no pet.).

Conflicts in the evidence will not call for reversal if there is enough credible testimony to support the conviction. *Losada v. State*, 721 S.W.2d 305, 309 (Tex.Crim.App.1986). The jury may accept portions of the testimony of a witness and reject other portions. *Id.* The jury is the exclusive judge of the facts proved, and of the weight to be given to the testimony. TEX.CODE CRIM.P.ANN. art. 38.04 (Vernon 1979). When this Court is "faced with a record of ... facts that supports conflicting inferences [we] must presume ... that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Farris v. State*, 819 S.W.2d 490, 495 (Tex.Crim.App. 1990), *cert. denied*, —— U.S. ——, 112 S.Ct. 1278, 117 L.Ed.2d 504 (1992) (citing *Jackson*, 443 U.S. at 326, 99 S.Ct. at 2793 (1979)).

■ The jury believed the child when she testified as to appellant's culpability for the offense of aggravated sexual assault. Further, Dr. Williams, the examining physician, testified that the hymenal orifice of the child was larger than normal for a child of her age, and that the hymenal border had thickened and rolled. He stated that these injuries were most likely caused by penetration. We find that the testimony of the child and Dr. Williams was sufficient to convince a rational fact finder of appellant's guilt.

We overrule points of error one through three.

In points of error four through seven, appellant complains that the trial court violated his right to a face to face confrontation of his accuser in violation of the sixth amendment to the United States Constitution and article I, section 10 of the Texas Constitution when it granted the State's request to take the testimony of the child victim through closed circuit television. In particular, he asserts error because the trial court did not make the finding of "necessity" required by *Maryland v. Craig*, 497 U.S. 836, 855, 110 S.Ct. 3157, 3169, 111 L.Ed.2d 666 (1990), and adopted by the Texas Court of Criminal Appeals in *Gonzales v. State*, 818 S.W.2d 756, 764 (Tex.Crim.App.1991), *cert. denied*, —— U.S. ——, 113 S.Ct. 1334, 122 L.Ed.2d 718 (1993).

■ Defense counsel never objected to the State examining the child witness outside the courtroom. Failure to object to testimony at trial waives any error on appeal. *Tate v. State*, 834 S.W.2d 566, 569 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd); Tex.R.App.P. 52(a). We find that appellant has not preserved argument for review.

We overrule points of error four through seven.

■ In point of error eight, appellant contends that the convictions for aggravated sexual assault should be reversed because they were obtained in violation of the double jeopardy clause of the fifth amendment to the United States Constitution. The double jeopardy clause protects against a second prosecution for the same offense after acquittal, a second prosecution for the same offense after conviction, and multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969); *Ex Parte Peterson*, 738 S.W.2d 688, 689 (Tex.Crim.App. 1987).

The State alleged that appellant committed the offense of aggravated sexual assault of a child under three separate counts, which were identical, except for the manner of penetration alleged. Appellant argues that the three counts of the indictment do not set forth different offenses, but merely state the manner and various means of committing the

same crime. He argues that he was put in double jeopardy when he was convicted and punished three times for violation of one statute. Therefore, he asks this Court to reverse the judgment and acquit him of the charges in counts two and three.

■ *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932), sets out the test to determine whether appellant has been punished twice for the "same offense" as follows:

> [W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.

This test was reaffirmed in *United States v. Dixon*, —— U.S. ——, ———–——, 113 S.Ct. 2849, 2859–60, 125 L.Ed.2d 556 (1993). Where each offense requires proof of an element that the other does not, multiple prosecution is not barred. *David v. State*, 808 S.W.2d 239 (Tex.App.—Dallas 1991, no pet.) (citing *Ex Parte McWilliams*, 634 S.W.2d 815, 823–24 (Tex.Crim.App.), *cert. denied*, 459 U.S. 1036, 103 S.Ct. 447, 74 L.Ed.2d 602 (1982)). It is appellant's burden to present facts necessary to demonstrate a double jeopardy violation. *David*, 808 S.W.2d at 239 (citing *Wockenfuss v. State*, 521 S.W.2d 630, 631 (Tex.Crim.App.1975)).

■ The facts in *David* are similar to this case. In *David*, appellant was charged under two indictments with aggravated sexual assault against one victim on one date. *Id.* at 240. The only difference between the two indictments was that the first indictment alleged penetration of the complainant's sexual organ with appellant's sexual organ whereas the second alleged penetration of the mouth of the complainant. *Id.* As in this case, appellant claimed on appeal that the two indictments merely charged different methods of committing the same offense. *Id.* at 240.

The court noted that both acts occurred on the same day in a motel room and that there was no evidence about when each act occurred. *Id.* at 242–43. They found that each

conviction required the proof of an element that the other did not as two acts were committed with his sexual organ and each offense must have been completed before the other began. *Id.* at 243.

Appellant has not presented us with facts supporting his double jeopardy claim. In this case, the evidence shows that the offenses occurred in one criminal episode. Although the three counts do state different means of committing the same crime, in this case each conviction required the proof of an entirely separate element that the others did not, i.e. three separate and distinct acts of penetration. Therefore, appellant's protection against double jeopardy was not violated.

We overrule point of error eight.

We affirm the judgment.