IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-93-221-CR





JOHN DAX MATYASTIK,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 



FROM THE COUNTY COURT OF MILAM COUNTY



NO. 19,242, HONORABLE ROGER HASHEM, JUDGE PRESIDING


 





PER CURIAM

 Appellant was convicted of speeding following a trial in justice of the peace court. 
Tex. Rev. Civ. Stat. Ann. art. 6701d, § 166, 169B (West 1977 & Supp. 1994). On appeal by
trial de novo in county court, a jury again found appellant guilty and assessed a $150 fine. 

 Appellant first complains that the county court erred by overruling his motion to
quash the complaint. According to appellant, the complaint does not allege an offense because
it does not state that he operated a motor vehicle. The complaint alleges that appellant "did then
and there operate and drive a vehicle, to-wit: 1989 Black Nissan PU." We also understand
appellant to complain that the description of the vehicle, "1989 Black Nissan PU," is not adequate. 


 Article 6701d, section 166(a) provides that "[n]o person shall drive a vehicle on
a highway at a speed greater than is reasonable and prudent under the circumstances then
existing." The complaint tracks the language of the statute, which is not limited to the operation
of motor vehicles. Further, appellant brought forward only a partial statement of facts that does
not contain a transcription of the trial testimony. The record fails to demonstrate that the asserted
deficiency in the description of the vehicle was prejudicial to him. Adams v. State, 707 S.W.2d
900 (Tex. Crim. App. 1986). Point of error one is overruled.

 Appellant next complains that the jury charge authorized his conviction for an
offense not alleged in the complaint. Specifically, he argues that "[t]he complaint alleges that
appellant drove a PU on November 4, 1990, and that he was speeding. The court's charge to the
jury charged that appellant drove a motor vehicle on November 11, 1990, and that he was
speeding." Appellant did not object to the charge. We have examined the record before us and
find no basis for concluding that the alleged error was fundamental. Almanza v. State, 686
S.W.2d 157, 171 (Tex. Crim. App. 1985) (opinion on motion for rehearing). Point of error two
is overruled.

 Appellant's third point of error is that there is a variance between the complaint,
which alleges that the offense occurred on November 4, 1990, and the judgment, which recites
that the offense was committed on January 4, 1990. The traffic citation on which this prosecution
is based appears in the record and reflects that the offense took place on November 4, 1990. We
will reform the judgment to reflect the correct date of the offense. Point of error three is
otherwise overruled.

 In point of error four, appellant urges that the court erred by overruling his plea
of double jeopardy. Appellant refers us to the docket sheet, which contains this entry by the
deputy county clerk dated March 6, 1992: "Paid $312.50 -- receipt # 13967 (see Cause No.
19243)." 

 Appellant's plea was not verified and alleged no facts in support of the jeopardy
claim. See Tex. Code Crim. Proc. Ann. art. 27.06 (West 1989). When the plea was presented
to the court, defense counsel stated that appellant had been tried for this offense and, pursuant to
a plea bargain, had paid a fine and taken a defensive driving course. The prosecutor responded
that the plea bargain was rejected by appellant and withdrawn by the State, and that the money
tendered by appellant was returned. Neither party offered any evidence in support of its position
and the issue was not submitted to the jury. See Apolinar v. State, 820 S.W.2d 792 (Tex. Crim.
App. 1991). Appellant did not meet his burden of proving prior jeopardy. See Guzman v. State,
732 S.W.2d 683, 686 (Tex. App.--Corpus Christi 1987, no pet.). The fourth point of error is
overruled.

 Appellant asserts in his fifth point of error that the county court erred by overruling
his motion, filed after jury selection began, to dismiss the appeal to that court from the justice of
the peace court. Appellant relies on Texas Rule of Appellate Procedure 59(b), which does not
apply to appeals from justice court to county court and does not mandate dismissal on the
appellant's motion in any event. 

 An appeal from justice court to county court is by trial de novo. Tex. Code Crim.
Proc. Ann. art. 44.17 (West Supp. 1994). By giving notice of appeal, appellant invoked his right
to trial de novo and deprived the justice court judgment of any finality. Deal v. State, 423
S.W.2d 929 (Tex. Crim. App. 1968). A trial de novo literally is a trial from the beginning as if
no former trial had been held. Ex parte Jones, 81 S.W.2d 706, 707 (Tex. Crim. App. 1935). 
Appellant's motion to dismiss the appeal to county court was effectively a motion to dismiss the
prosecution. The county court has not been shown to have abused its discretion by overruling the
motion. Point of error five is overruled.

 Finally, appellant contends his right to due process of law was violated when his
attorney was held in contempt by the county court. If such an incident occurred, it is not reflected
in the record before us. Nothing is presented for review. Point of error six is overruled.

 The judgment of conviction is reformed to reflect that the offense was committed
on November 4, 1990. As reformed, the judgment is affirmed.


Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Reformed and, as Reformed, Affirmed

Filed: May 11, 1994

Do Not Publish