NUMBER 13-01-662-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG







FRANCISCO RAFAEL RUIZ
, Appellant,


v.



THE STATE OF TEXAS, Appellee.





On appeal from the 389th District Court


of Hidalgo County, Texas.






MEMORANDUM OPINION



Before Justices Hinojosa, Castillo, and Dorsey (1)


Opinion by Justice Castillo



 Appellant Francisco Rafael Ruiz ("Ruiz") was convicted on one count of
aggravated sexual assault, indecency with a child by exposure, and indecency with a
child by touching. Ruiz brings five issues on appeal including due process and double
jeopardy violations. We affirm.

I. Background


 A jury convicted Ruiz of aggravated sexual assault by penetration of the female
sexual organ of a child with his sexual organ, indecency with a child by exposure of
his genitals, and indecency with a child by touching part of the victim's genitals. The
trial court judge sentenced Ruiz to concurrent prison terms of ten years for the
aggravated sexual assault and five years for each conviction of indecency with a child. 
Ruiz filed a timely motion for new trial and requested a hearing on that motion. The
trial court refused to conduct a hearing on the motion for new trial.

 On August 7, 2001, Ruiz filed a timely notice of appeal. Ruiz raised five issues. 
First, Ruiz argued that the trial court's refusal to hear the motion for new trial was a
violation of due process. Second, Ruiz contended the trial court's refusal to hear the
motion for new trial constituted a reversible abuse of discretion. Third, Ruiz argued
that the trial court reversibly deprived the appellant of the opportunity to present
evidence on the motion for new trial. Fourth, Ruiz claimed that the trial court's failure
to hear the motion for new trial resulted in a denial of effective assistance of counsel. 
Last, Ruiz contended that conviction and sentence on one of the three counts for
which he was convicted violated the double jeopardy clause of the United States
Constitution.

 The State conceded that the trial court erred by refusing to provide a hearing on
the motion for new trial. This Court abated and remanded the case to the trial court. 
The trial court was ordered to conduct a hearing on Ruiz's motion for new trial. This
Court also ordered that if the motion for new trial were denied, Ruiz may file a
supplemental brief on any matters arising out of the hearing within thirty days of the
filing date of the hearing record. 

 The trial court denied Ruiz's motion for new trial after providing a hearing. Ruiz
failed to file a supplemental brief in a timely fashion. Ruiz filed a motion for ninety day
extension, which was granted. After expiration of the first extension, Ruiz filed a
second motion for an extension of sixty days. The Court of Appeals granted the
extension in part, providing Ruiz an additional thirty days to provide a supplemental
brief. The Appeals Court later granted Ruiz the entire sixty days requested. Ruiz filed
a third motion for extension of sixty days. The Court denied the motion and held that
the record was sufficient to permit consideration of Ruiz's issues on appeal.

 As a hearing was held on the motion for new trial, Ruiz's first four issues are
moot. We will only consider whether Ruiz's convictions constitute a violation of the
double jeopardy clause of the United States Constitution.

II. Double Jeopardy


 The Fifth Amendment provides that "no person shall . . . be subject for the same
offence to be twice put in jeopardy of life or limb . . . ." U.S. Const. amend. V.; see
Lopez v. State, 108 S.W.3d 293, 295 (Tex. Crim. App. 2003). The United States
Supreme Court stated that the Fifth Amendment guarantee against double jeopardy
consists of three separate constitutional protections. North Carolina v. Pearce, 395
U.S. 711, 717 (1969); Lopez, 108 S.W.3d at 295. First, it protects against a second
prosecution for the same offense after acquittal. Lopez, 108 S.W.3d at 295. Second,
it protects against a second prosecution for the same offense after conviction. Id. 
Last, it protects against multiple punishments for the same offense. Id. We assume
that Ruiz contests his convictions on grounds that he has been sentenced to multiple
punishments for the same offense. 

A. Preservation of Error


 Ruiz failed to make a timely request, objection, or motion before the trial court
on the issue of double jeopardy. See Tex. R. App. P. 33.1. Although an appellant has
the burden to preserve, in some fashion, a double jeopardy objection at or before the
time the charge is submitted to the jury, Gonzalez v. State, 8 S.W.3d 640, 642 (Tex.
Crim. App. 2000), a double jeopardy claim may be raised for the first time on appeal,
or even for the first time on collateral attack, when: 1) the undisputed facts show the
double jeopardy violation is clearly apparent on the face of the record, and 2)
enforcement of usual rules of procedural default serves no legitimate state interests. 
Id. at 643. This Court concluded that under Gonzalez, "if a double jeopardy violation
is clearly apparent, the defendant will prevail on appeal; if a double jeopardy violation
is not apparent, the defendant's claim fails on the merits regardless of whether he
objected at trial." Jimenez v. State, 67 S.W.3d 493, 509 (Tex. App.-Corpus Christi
2002, pet. ref'd). We, therefore, analyze whether a violation of the prohibition against
double jeopardy is apparent from the record.

B. Blockburger Test


 The double jeopardy bar applies to multiple punishments where the two offenses
for which the defendant is punished or tried cannot survive the "same-elements" or
"Blockburger" test. United States v. Dixon, 509 U.S. 688, 696 (1993) (citing e.g.,
Brown v. Ohio, 432 U.S. 161, 168-169 (1977); Blockburger v. United States , 284
U.S. 299, 304 (1932) (multiple punishment); Gavieres v. United States, 220 U.S.
338, 342 (1911) (successive prosecutions)). When the same act or transaction
violates two different penal statutes, the two offenses are the same for double
jeopardy purposes if one of the offenses contains all the elements of the other; they
are not the same if each offense has a unique element. Blockburger, 284 U.S. at 304.


 Texas courts have applied the Blockburger test to a number of cases raising
double jeopardy challenges to child indecency and sexual assault convictions. In
Ochoa v. State, 982 S.W.2d 904 (Tex. Crim. App. 1998), the evidence showed
appellant/defendant sexually assaulted a child by penetrating the anus. Id. at 907. 
There was no proof of additional offenses. Id. On this evidence, a jury convicted the
appellant of both aggravated sexual assault of a child by penetration and indecency
with a child by contact. Id. The court of criminal appeals concluded that, under the
circumstances, indecency with a child by contact was a lesser included offense of
aggravated sexual assault and a violation of the double jeopardy prohibition. Id. at
908.

 In contrast, a number of cases are distinguishable from the holding in Ochoa. 
In Hutchins v. State, 992 S.W.2d 629 (Tex. App.-Austin 1999, pet. ref'd), the court
upheld convictions for aggravated sexual assault and child indecency where the
appellant/defendant touched the victim's genitals with his fingers before penetration
of the victim's female sexual organ with his penis. Id. at 633. The court held that
while the two acts were committed in close temporal proximity, the appellant's
touching of the victim's genitals with his fingers was a separate and distinct act from
his penetration of her female sexual organ with his penis. Id. As the appellant's
conviction for indecency was not based on the same conduct underlying his conviction
for aggravated sexual assault, the court held that there was no violation of the double
jeopardy clause. Id.

 In Quinn v. State, 991 S.W.2d 52 (Tex. App.-Fort Worth 1998, pet. ref'd), the
court upheld convictions for aggravated sexual assault and child indecency where each
conviction for aggravated assault and child indecency required proof that the others
did not. Id. at 55. 

 In Murray v. State, 24 S.W.3d 881 (Tex. App.-Waco 2000, pet. ref'd), the
court refused to overturn convictions for aggravated sexual assault and indecency with
a child where the appellant/defendant argued that the convictions were a violation of
the double jeopardy clause, because child indecency is a lesser included offense of
aggravated sexual assault. Id. at 888. The court rejected the appellant's argument
holding, "the evidence demonstrates that [appellant] committed two separate
acts--penetrating the victim's female sexual organ with his finger and touching her
genitals with his tongue--that constituted two separate offenses. On these facts,
indecency with a child is not a lesser included offense of aggravated assault." Id. at
889.

 Similarly, in David v. State, 808 S.W.2d 239 (Tex. App.-Dallas 1991, no pet.),
the court upheld multiple convictions for aggravated sexual assault. The
appellant/defendant argued that his indictments on two counts of aggravated sexual
assault violated the double jeopardy clause because the act of penetrating the victim's
mouth with his penis and the act of penetrating the victim's sexual organ were merely
different ways used to perpetrate a solitary offense. Id. at 240. The court held that
multiple prosecution was not barred by the double jeopardy clause because each
conviction required proof of an entirely separate element and were separate acts. Id.
at 243.

C. Analysis


 The protection provided by the double jeopardy clause of the United States
Constitution has no application where separate and distinct offenses occur during the
same transaction. See Jones v. State, 514 S.W.2d 255, 256 (Tex. Crim. App. 
1974). Ruiz was convicted on three offenses: 1) aggravated sexual assault by causing
his sexual organ to penetrate the female sexual organ of a child younger than 14 years
of age; 2) indecency with a child by exposure of his genitals; and 3) indecency with
a child by touching the victim's genitals. 

 We first analyze whether it is apparent from the record that Ruiz's multiple
convictions for aggravated sexual assault and indecency with a child by touching the
victim's genitals constituted a double jeopardy violation. The record shows that Ruiz
touched the victim's genitals with his fingers. The touching of the victim's genitals
with fingers was a separate and distinct act from penetration of the victim's genitals
with the appellant's sexual organ. See Hutchins, 992 S.W.2d at 633. As the
conviction for indecency with a child by touching the victim's genitals was not based
on the same conduct underlying the conviction for aggravated sexual assault, we find
no apparent violation of the double jeopardy clause. See Jimenez, 67 S.W.3d at 509.

 We next consider whether it is apparent from the record that Ruiz's multiple
convictions for indecency with a child by exposure of his genitals and indecency with
a child by touching the victim's genitals with his finger constituted a double jeopardy
violation. Each conviction for indecency with a child required proof of entirely separate
elements and were separate acts. See David, 808 S.W.2d at 243. We, therefore, find
that it is not apparent from the record that Ruiz's convictions for indecency with a
child by exposure and indecency with a child by touching violated the double jeopardy
clause. See Jimenez, 67 S.W.3d at 509.

 Finally, we consider whether it is apparent from the record that Ruiz's
convictions for aggravated sexual assault of a child by causing his sexual organ to
penetrate the female sexual organ of a child and indecency with a child by exposure
of his genitals constituted a violation of the double jeopardy clause. The court record
shows that Ruiz exposed his penis to the victim during the reported encounter. Ruiz
ordered the victim to touch his penis. During the same encounter, Ruiz penetrated the
victim's sexual organ with his penis. Although the acts took place in close temporal
proximity, Ruiz's act of exposing his penis can be differentiated as a separate and
distinct offense from the act of penetration of the victim's female sexual organ with
the penis. See Hutchins, 992 S.W.2d at 633; compare Ochoa, 982 S.W.2d at 908
(finding that, where there was proof of one act, conviction for indecency with a child
by contact was a lesser included offense of aggravated assault by penetration of the
anus with the penis and was a violation of the double jeopardy clause). We find it is
not apparent from the record that Ruiz's convictions for aggravated sexual assault and
indecency with a child by exposure constituted violations of the double jeopardy
clause. See Jimenez, 67 S.W.3d at 509; Hutchins, 992 S.W.2d at 633.

 Our analysis shows that there are no double jeopardy issues apparent on the
record. See Jimenez, 67 S.W.3d at 509. Therefore, we hold that Ruiz has failed to
preserve any issue on appeal and has waived his double jeopardy challenges. See id.

III. Conclusion


 We overrule Ruiz's issues on appeal and affirm the judgment of the trial court.

 

 ERRLINDA CASTILLO

 Justice

Justice Dorsey not participating. 


Do not publish.

Tex. R. App. P. 47.2(b).


Opinion delivered and filed this 

the 9th day of October, 2003.
1. Retired Justice J. Bonner Dorsey assigned to this Court by the Chief Justice of the Supreme
Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1998); however, his term expired
on August 31, 2003, and, accordingly, he did not participate in this decision.