NO. 07-10-0407-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 26, 2012

_____

BRUNO HERNANDEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE COUNTY CRIMINAL COURT NO. 4 OF DENTON COUNTY;

NO. CR-2009-07326-D; HONORABLE JOE BRIDGES, PRESIDING

_____

***Opinion***

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Bruno Hernandez (appellant) appeals his conviction for driving while intoxicated. Through a single issue, he contends that the trial court abused its discretion by denying his motion to suppress. We affirm for several reasons.

First, the seizure involved was not pursuant to an arrest warrant. Nonetheless, appellant's trial counsel convinced the trial court to determine the legitimacy of the seizure by simply reviewing the "four corners" of some document. The trial court did so and overruled the motion. Though we may guess at what the document may have

been, it was neither offered nor admitted into evidence by either the State or appellant. This is of import since an appellant has the burden to present a record sufficient to support his contentions. *Guzman v. State,* 732 S.W.2d 683, 686 (Tex. App.–Corpus Christi 1987, no pet.). Applying that rule to the matter before us would mean that appellant had the burden to prove that the information considered by the trial court was insufficient to support its decision. But, because the document which appellant induced the court to consider was never made part of the record, appellant has not provided us with a sufficient record against which to assess his claim or judge the trial court's ruling. *See Amador v. State,* 221 SW.3d 666, 675 (Tex. Crim. App. 2007) (holding that the appellant has the burden to bring forward a record on appeal sufficient to show that the trial court erred in its ruling on the motion to suppress).

Second, and while ignoring the contents of the aforementioned document (whatever they may be), the evidence developed at trial precludes us from concluding that the trial court erred. For instance, the officer testified during the trial on the merits, that he came upon a female walking in the middle of a highway at about 1:30 a.m. Behind her travelled a slow moving truck. Due to these circumstances, the officer drove up next to the female *without* engaging the squad car's emergency lights and inquired about the situation. She indicated that she had been involved in an accident, grew mad at her husband (who was driving the truck) and decided to walk home. While this conversation between the officer and appellant's wife transpired, appellant decided to pull around the two and park in a nearby lot. Thereafter, the officer approached appellant and asked him about what happened. As those two talked, the smell of alcohol wafted off appellant or his breath. Noticing that smell led the officer to ask

2

appellant additional questions about where he had been and about how much he had drunk, once appellant admitted to having been at a bar. Appellant then admitted to drinking five or six beers. This, then, led the officer to administer sobriety tests to appellant.

We found no evidence of record suggesting that the officer ordered appellant to stop or otherwise exhibited some show of force or authority (such as engaging emergency lights) to induce appellant to stop. Nor is there evidence that once the officer approached him, appellant attempted to leave or was prohibited from leaving before those two began conversing. And, it was during the latter conversation that the officer garnered evidence suggesting that appellant was intoxicated.

Simply put, a rational factfinder could reasonably deduce from the evidence actually of record that the stop resulting in appellant's eventual arrest arose from a consensual encounter. And, law enforcement personnel need not have either reasonable suspicion or probable cause to believe crime is afoot to engage in such an encounter. *State v. Castleberry*, 332 S.W.3d 460, 466 (Tex. Crim. App. 2011).

We overrule the sole issue before us and affirm the judgment.


Brian Quinn
Chief Justice


Publish.