George **WOCKENFUSS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 49704.

Court of Criminal Appeals of Texas.

April 16, 1975.

Jim Hamilton, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Larry Meyer, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Justice.

The offense is burglary to commit theft; the punishment, seven years.

In ground of error one appellant claims a violation of his constitutional right against double jeopardy. The basis of this complaint is that the indictment in this cause, No. 200,325, which charged appellant with burglary of a house occupied and controlled by one Gene Elkins was in fact a re-indictment of Cause No. 137,323, which alleged the injured party to be Carl Elkins. At the outset we note that this claim is made for the first time on appeal and. that no written and sworn special pleading was filed with the trial court as required by Arts. 27.05 and 27.06, Vernon's Ann.C.C.P.

The first indictment was returned on December 19, 1968. After several continuances, the trial was set for April 17, 1970. On that date appellant jumped bail without having been tried. The next notation in the court's docket sheet is dated July 19, 1973, and it originally stated that the case was set for "sentencing" and further announcements on July 24, 1973. On September 6, 1973, appellant was re-indicted for the same offense in Cause No. 200,325. On October 4, the original indictment, No. 137,323, was dismissed.

The appellant's central argument in this ground is based on the docket entry dated July 19, 1973. He claims that since the court set the case for *sentencing* and announcements, the only logical inference is that some sort of plea and conviction must have been entered, and therefore jeopardy would have attached.

The record clearly indicates that appellant jumped bond before any trial in this case was held. The burden is on the accused to prove an affirmative defense of prior jeopardy. Galloway v. State, Tex. Cr.App., 420 S.W.2d 721. There is nothing to indicate that the entry made (and later deleted) by the judge on July 19, 1973, was any more than clerical error.

The ground is overruled.

In his second ground of error, appellant contends that the court erred in admitting evidence as to the bond jumping in the instant case over his objection that it was irrelevant and prejudicial.

The record reflects that the State introduced evidence showing that appellant did not appear when *this* case was called on April 17, 1970. Outside the presence of

the jury, appellant cross-examined a witness who had been the prosecutor at the time in question. He elicited information to the effect that at the time of the bond forfeiture in the present case five other bonds were simultaneously forfeited and an appeal bond on a prior rape conviction had been forfeited a month before.

Following this testimony on voir dire, the court admitted in the presence of the jury the evidence as to flight.

This Court in Hodge v. State, Tex.Cr. App., 506 S.W.2d 870, 873, said:

"[T]o support admission of evidence of escape from custody and flight, it must appear that the escape and flight has some legal relevance to the offense under prosecution. . . In order to have such evidence excluded, the burden then shifts to the defendant to show affirmatively that the escape and flight is directly connected to some other transaction and further show that it is not connected with the offense on trial."

In Damron v. State, 58 Tex.Cr.R. 255, 125 S.W. 396, the defendant showed by bill of exception that he had not sought to escape for the crime charged, but for another offense. The Court noted that if the escape was in relation to more than one offense it was admissible to all rather than none. The State was not required to negative a relation to other offenses.

The mere showing in the case at bar of other charges pending at the time of flight is insufficient to satisfy the requirement of Hodge v. State, supra, that a defendant must prove the flight to be connected with some other transaction and not the offense on trial. An issue could have been raised in the present case; for example, if appellant had taken the stand outside the presence of the jury for the limited purpose of testifying that the flight occurred because of circumstances surrounding the prior rape conviction or else those relating to another currently pending charge, rather than the present offense. Absent such a showing, the reasoning in Damron v. State, supra, is applicable, and the evidence of flight is admissible as to all of the offenses.

The ground is overruled.

In his third ground of error appellant contends that error was committed and a new trial should have been granted when the complaining witness and the Assistant District Attorney referred to the offense as a "robbery".

The complained of questioning was as follows:

"Q I would like to direct your attention to November 1, 1968, about 10:30 in the evening. Do you recall an incident that happened at that time?

A I assume we are talking about the robbery.

Q Yes, sir."

Appellant's objection was sustained and the jury was instructed to disregard. The record does not indicate that this was any more than an inadvertent error on the part of the prosecutor, and we cannot say that it was calculated to influence the jury adversely to the appellant. Hopkins v. State, 480 S.W.2d 212. Further, since he did not move for a mistrial, all relief requested was properly furnished, and he is in no position to complain. Haywood v. State, 482 S.W.2d 855, and Franks v. State, 462 S.W.2d 287.

The judgment is affirmed.

ROBERTS, J., dissents.