**Dennis Lee BOGERT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–84–132CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 25, 1984.

Ken Sparks, Houston, for appellant.

Calvin Hartmann, Asst. Dist. Atty., Houston, for appellee.

Before JUNELL and SEARS, JJ., and T. GILBERT SHARPE, J., Retired.

## OPINION

T. GILBERT SHARPE, Justice, Retired.

Dennis Lee Bogert, appellant, was found guilty by a jury of possession with intent to deliver a controlled substance, methamphetamine. Punishment was assessed by the jury at fifteen years confinement. By his sole ground of error, appellant contends the evidence was insufficient to support a conviction. We affirm.

During the months of January through March of 1982, the Federal Drug Enforcement Agency was conducting an investigation into the illegal manufacture of controlled substances in the Houston, Texas area. Pursuant thereto, agents of the DEA became aware of a warehouse/office building located at 10216 Georgibelle, unit 900, where the circumstances indicated a clandestine drug laboratory was in operation. Unit 900 is situated on the northernmost end of a row of connecting mini-storage facilities with adjoining offices. An overhead door provides access to the eastern portion of the facility and a conventional door is located on the western side.

Unit 900 was placed under surveillance for a period beginning March 6, 1982. On March 7, DEA agents smelled chemical odors associated with the manufacture of methamphetamine emanating from unit 900, and no such odors were detected from

any other unit. The agents obtained a search warrant for the location and returned on March 8 to execute it. Before they had an opportunity to do so, the agents observed appellant enter unit 900. The appellant had been seen in the area of the warehouse on previous occasions. On those prior occasions, as well as on March 8, appellant used motor transportation to and from the vicinity of unit 900, but always arrived there on foot.

After appellant's entrance into unit 900, the agents waited fifteen minutes before entering the unit by the overhead door on the eastern side. The appellant was the only person found on the premises. He was seated in the room where the agents made their initial entrance. The testimony revealed that this room was equipped to serve as a chemical laboratory. Large quantities of chemical substances and manufacturing apparatus filled the room. Agents seized over four pounds of a liquid substance containing 23% pure methamphetamine, as well as large quantities of other chemical compounds which are used in the manufacture of methamphetamine.

Appellant was arrested but released on bond. However, appellant failed to make court appearance and remained a fugitive for six months until he was apprehended.

■ The Controlled Substances Act defines possession as actual care, custody, control or management. TEX.REV.CIV. STAT.ANN. art. 4476–15 § 1.02(23) (Vernon 1979); *See Oaks v. State,* 642 S.W.2d 174 (Tex.Crim.App.1982). Regardless of whether the theory of prosecution is joint or sole possession, the evidence must so affirmatively link the accused to the contraband that it is reasonable to infer the accused knew of the contraband's existence and nature. *Naquin v. State,* 607 S.W.2d 583 (Tex.Crim.App.1980). Possession may be established by circumstantial evidence in the absence of direct evidence of exclusive possession by the accused. *Foster v. State,* 635 S.W.2d 710 (Tex.Crim.App.1982). However, in order to establish the requisite link between the accused and the contraband, the circumstantial evidence must consist of facts and circumstances which are additional to the accused's presence at the location of the contraband and tend to indicate the accused's knowledge and control. *Dubry v. State,* 582 S.W.2d 841 (Tex.Crim. App.1979).

■ The evidence offered by the state established that appellant had been seen in the area of 10216 Georgibelle on several previous occasions and that his use of motor transportation was always displaced several blocks from that location, so that appellant would arrive at unit 900 on foot. Appellant was followed on one occasion as he left the area by cab, however the cab made several obvious attempts to lose any person that might be following, and the police were forced to break off their surveillance. The agents observed appellant let himself into unit 900 on March 8. Appellant was found alone on the premises in a room full of chemicals and equipment of an ongoing manufacturing operation. Over four pounds of the controlled substance, methamphetamine, were found out in plain and open view. After posting bond, appellant failed to appear as required and was at large for six months. Flight, in the context of bail-jumping, may be construed as evidence of guilt. *Wockenfuss v. State,* 521 S.W.2d 630 (Tex.Crim.App.1975).

■ The standard of review in sufficiency of evidence cases requires the reviewing court to consider all the evidence in a light most favorable to the verdict. *Houston v. State,* 663 S.W.2d 455 (Tex. Crim.App.1984) (*en banc*). The jury was authorized to find that the evidence offered by the state excluded all other reasonable hypotheses except that of appellant's guilt.

We overrule appellant's sole ground of error and affirm.