Tyrone **WILLIAMS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. B14–91–00320–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

June 4, 1992.

Rehearing Denied June 25, 1992.

William M. Hicks, Dickinson, for appellant.

Warren Goodson, Galveston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Tyrone Williams, appeals his judgment of conviction for the offense of burglary of a habitation with the intent to commit theft. TEX.PENAL CODE ANN. § 30.02 (Vernon 1989). The jury rejected appellant's not guilty plea and after finding the two enhancement paragraphs of the indictment to be true, assessed punishment at sixty five (65) years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

In his sole point of error, appellant asserts that the trial court has committed an error material to the defense and injurious to his rights, to-wit: that the trial court, over timely and proper objection, let in an improper extraneous matter. The relevant facts are as follows:

On the afternoon of April 16, 1990 in Galveston, Texas, Sherree Christensen was working as a cleaning lady at the historic White Horse bed and breakfast inn. While working Christensen heard banging outside a second story window of the White Horse Inn. Looking through a small hole in the blind of the window, Christensen observed a black man from a distance of fifteen to twenty feet on a ladder against the house next door. Christensen saw the man on the ladder bend open the outside storm blind on the house and begin to enter through the window. Christensen then had another person call the Galveston Police Department and report a burglary. Christensen gave a description of the burglar to the Galveston Police.

Officer Dave Smith of the Galveston Police Department was on duty the afternoon of April 16, 1990. He received a call from a police dispatcher at approximately 2:29 p.m. informing him of the burglary in process. Officer Smith only a few blocks from the White Horse Inn arrived at the scene in about two minutes. Exiting his patrol car Smith observed a black man running toward him with a towel folded like a bag. The burglar later identified as appellant ran right into the hands of Officer Smith. When Smith gained control of appellant he noticed gold rings had fallen from the towel. Officer Smith also discovered a watch and more gold rings in the towel.

At trial, Robert Garcia, the resident of the house burglarized identified the towel, used as a bag, to be one taken from his bathroom linen closet. Garcia also identified the gold rings and watch to be his and his wife's property.

During the trial of this case both Ms. Christensen and Officer Smith identified appellant as the burglar they saw on April 16, 1990. After this testimony was heard by the jury, as to the burglary charge, appellant's attorney asked to make the following objection out of the presence of the jury.

> [DEFENSE COUNSEL]: I expect Deputy Hernandez to get in the extraneous offense, and would like to take this up outside of the jury, and object to any escape, which was four months after the events with which Mr. Williams was arrested, and not connected with the immediate flight, and not timely, and prejudicial, and not relative to the issue of guilt/innocence in the case.
>
> [THE COURT]: Okay. He was in jail, I guess, in connection with this offense as well as others at the time?
>
> [STATE'S ATTORNEY]: Yes, sir.
>
> [THE COURT]: Overrule the objection.

The State proceeded to introduce evidence concerning appellant's escape attempt. The evidence revealed that appellant on August 8, 1990 after being taken to court for a hearing was returned to the Galveston County Jail. On that day appellant was wearing a green jail uniform. Jail inmates in green uniforms are kept in a secured area within the Galveston County Jail.

On the afternoon of August 8, 1990, Officer Kunz of the Galveston County Sheriff's Department was waiting on the fifth floor of the Galveston County Courthouse to testify in an unrelated trial. Looking out the window of the courthouse, Officer Kunz

saw a county prisoner in a green uniform outside the jail. Aware inmates in green uniforms are not allowed out of secured jail areas, Kunz reported the escape to other officers.

Officer Larry Powers of the Galveston Sheriff's Department was notified of the escape while working as custodian of jail records. Officer Powers left his desk and proceeded to the north side of the jail. Across the street from the jail the officer noticed appellant kneeling behind a Jeep. Aided by other officers, Officer Powers arrested appellant and returned him to custody.

Officer Powers immediately after securing appellant began an investigation of the escape route. His investigation revealed appellant escaped through a vent hole to the roof of the county jail. From the jail roof, appellant jumped to the roof of the county annex building. From the annex building, appellant escaped to the parking lot outside the jail.

In appellant's sole point of error, he complains of the admission over objection of an extraneous matter, to-wit: Appellant's escape from jail while awaiting trial. It is well established that escape is a circumstance from which guilt may be inferred and thus evidence of flight or escape is admissible during the guilt/innocence stage of the criminal trial. *Cantrell v. State,* 731 S.W.2d 84 (Tex.Crim.App.1987). Evidence which shows efforts made to locate or apprehend a defendant and the circumstances of his arrest is relevant and therefore also admissible. *Thompson v. State,* 652 S.W.2d 770 (Tex.Crim.App.1983).

In *Cantrell v. State, Supra* at 93, appellant made a bail bond in July, 1975, and was released. The evidence also shows that in January, 1976, the bond was forfeited. The forfeiture of an accused's bail bond may be proved as tending to show flight. *Logan v. State,* 510 S.W.2d 598 (Tex.Crim.App.1974); *Walker v. State,* 441 S.W.2d 201 (Tex.Crim.App.1969); *Guajardo v. State,* 378 S.W.2d 853 (Tex.Crim.App. 1964); *Tindall v. State,* 146 Tex.Crim. 245, 172 S.W.2d 328 (1943). And flight, in the context of bail-jumping, may be construed

as evidence of guilt. *Wockenfuss v. State,* 521 S.W.2d 630 (Tex.Crim.App.1975). See also *Bogert v. State,* 681 S.W.2d 822 (Tex. App.—Houston [14th Dist.] 1984, pet. ref'd).

We find that if flight in the context of bail-jumping may be construed as evidence of guilt, then escaping from jail confinement awaiting trial can also be construed as evidence of guilt. Appellant's sole point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.