Affirmed and Memorandum Opinion filed February 15, 2006









Affirmed and Memorandum Opinion filed February 15, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01017-CR

____________

 

RODERICK GORE a.k.a. MICHAEL D.
LEWIS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 





 

On Appeal from the 185th
District Court

Harris County, Texas

Trial Court Cause No. 999,999

 





 

M E M O R A N D U M   O P I N I O N

A jury found appellant, Roderick Gore, guilty of aggravated
robbery and sentenced him to forty-three years in the Texas Department of Corrections. 
Appellant raises three issues on appeal.  First, he claims that the trial
court erred in overruling his objection to the State=s comment on his
silence during its closing.  Second, he claims that the trial court erred
in allowing testimony of his flight at arrest.  Third, appellant claims
that the trial court erred in overruling his objection to the State=s expert witness,
who had not been specifically named.

Factual Background

On July 19, 2004, appellant and two or three other men
knocked on the door of complainant=s apartment. When
she opened the door, appellant came through the door and pointed a gun at
complainant=s head and chest.  The appellant and the other
men held the complainant, her one-year-old, and her brother at gunpoint, as the
intruders ransacked the apartment looking for drugs.  The men eventually
concluded that they had come to the wrong apartment.  They took money and
jewelry and then left. 

Complainant later identified appellant in a photo spread,
and officers obtained a warrant for appellant=s arrest.  As
Officer Ellis attempted to execute the arrest warrant, the appellant fled and
ran through the yards of several homes before being apprehended by
police.  

Analysis

I.       
Statement that Testimony was Uncontradicted Was Not a Comment on Appellant=s Silence 

At closing argument during the guilt/innocence stage of
trial, the State began by saying, ALadies and
gentlemen, there is no evidence in this case that contradicts [complainant=s] testimony.@  Appellant
contends that this is a comment on his silence, because to contradict
complainant=s testimony, appellant would have either had to
testify himself or call one of the other robbers, since these were the only
other people in the apartment at the time of the robbery.

A.     
Standard of Review and Applicable Law

We review de novo mixed question of law and fact, as long
as the resolution of those questions do not turn on an evaluation of
credibility and demeanor.  Guzman v. State, 955 S.W.2d 85, 89 (Tex.
Crim. App. 1997).  We, therefore, review de novo whether the State=s argument was an
impermissible comment on appellant=s right to remain
silent. 

 

The failure of a defendant to testify on his own behalf may
not be taken as a circumstance against him, nor may it be alluded to or
commented on by counsel.  Tex. Code
Crim. Proc. art. 38.08.  Any comment by counsel regarding the
failure of a defendant to testify violates the privilege against
self-incrimination and the freedom from being compelled to testify contained in
the Fifth Amendment of the United States Constitution and Article
I,   Section 10, of the Texas Constitution.  Bustamante v.
State, 48 S.W.3d 761, 764 (Tex. Crim. App. 2001).  We must view the
language from the standpoint of the jury, and consider Awhether it was
manifestly intended or was of such a character that the jury would necessarily
and naturally take it as a comment on the defendant=s failure to
testify.@  Id. at
765.  It is not enough that the language might be construed as an implied
or indirect allusion to the defendant=s failure to
testify.  Id.

Language that can reasonably be construed to refer to a
failure to present evidence other than from the defendant's own testimony does
not amount to a comment on the failure to testify.  Swallow v. State,
829 S.W.2d 223, 225 (Tex. Crim. App. 1992).  But when the State=s argument points
to a lack of evidence that only the defendant himself can supply, it is
error.  Id.

B.     
Contradictory Evidence Could Have Come From Sources Other Than Appellant

Appellant cites several cases for the proposition that he
was the only person who could have countered complainant=s testimony. 
The  factual scenarios of these cases, however, are distinguishable from
the facts in this case.  Several of the cases cited by appellant contain a
literal comment on the defendant=s failure to
testify.  Lee v. State, 628 S.W.2d 70, 71 (Tex. Crim. App. [Panel
Op.] 1982), abrogated on other grounds by Madden v. State, 799 S.W.2d
683 (Tex. Crim. App. 1990); Myers v. State, 573 S.W.2d 19, 20 (Tex.
Crim. App. [Panel Op.] 1978);  Koller v. State, 518 S.W.2d 373, 375
(Tex. Crim. App. 1975);  Dubose v. State, 531 S.W.2d 330, 331 (Tex.
Crim. App. 1975).  However, here, the State said that complainant=s testimony was
uncontradicted, not that appellant himself failed to contradict it.  

 

Appellant cites three other cases in which the State=s argument was
similar to the argument in this case.  In each of these cases, the court
found that only the defendant could have provided the contradiction alluded to
by the State.  Angel v. State, 627 S.W.2d 424, 426 (Tex. Crim. App.
[Panel Op.] 1982); Pollard v. State, 552 S.W.2d 475, 477 (Tex. Crim.
App. 1977);  McDaniel v. State, 524 S.W.2d 68, 70 (Tex. Crim. App.
1975).  However, again, each of these cases involve facts different from
the facts in the present case.  In the cases appellant cites, only the
defendant could have contradicted the complainant=s testimony
because, in each of those cases, only the defendant and the complainant were
present during the crime.  Appellant=s case is
different in two ways.  First, several other men were alleged to have
committed the robbery.  See, e.g., Hargett v. State, 534 S.W.2d
909, 911B12 (Tex. Crim.
App. 1976) (holding that two others arrested in connection with the same
burglary as appellant could have testified in refutation of the State=s evidence; 
therefore,  prosecutor=s remarks that evidence was undisputed
were not improper); Gorman v. State, 480 S.W.2d 188, 190 (Tex. Crim.
App. 1972) (same).  Second, the appellant contests whether he was even at
the scene of the crime.  Evidence contrary to appellant=s would be
available from alibi witnesses or other sources.  See, e.g., Bolden v.
State, 504 S.W.2d 418, 420 (Tex. Crim. App. 1974); Nowlin v. State,
507 S.W.2d 534, 536B37 (Tex. Crim. App. 1974).  

Thus, unlike the cases appellant has cited in which there
were no other possible sources of countervailing evidence, in this case other
sources could have existed besides the testimony of the complainant and
appellant.  We hold that the State=s comment during
closing was not a comment on the silence of appellant, and the trial court did
not err in overruling appellant=s objection.  We overrule appellant=s second point of
error.

II.      
Allowing Evidence of Appellant=s Flight Was Not
Error

 

During the guilt/innocence stage, appellant objected to the
admission of evidence that he fled police.  His first objection was based
on relevance, arguing that because appellant did  not know there was a
warrant for his arrest for the crime at issue, his flight cannot be taken as
circumstantial evidence of his guilt for that crime.  He also argued that
evidence of his flight would be inadmissible as substantially more prejudicial
than probative under Texas Rule of Evidence 403.  

A.     
Standard of Review

The standard of review when an appellate court considers a
ruling under the rules of evidence is abuse of discretion.  Sauceda v.
State, 129 S.W.3d 116, 120 (Tex. Crim. App. 2004).  We therefore,
consider rulings on relevance and Rule 403 objections under an abuse of
discretion standard. 

B.
     Appellant Failed to Meet His Burden of Proof

Evidence of flight from police is admissible as circumstantial
evidence of guilt.  Bigby v. State, 892 S.W.2d 864, 883 (Tex. Crim.
App. 1994).  The evidence of flight must have some legal relevance to the
offense under prosecution.  Wockenfuss v. State, 521 S.W.2d 630, 632
(Tex. Crim. App. 1975).  In order to have such evidence excluded on the
basis of a relevance challenge, the defendant has the burden to show
affirmatively that the flight is directly connected to some other transaction
and further show that it is not connected with the offense on trial.  Id.  Merely showing that other charges are pending is insufficient to
satisfy the defendant=s burden.  Id.  

 

Here, the appellant made no affirmative showing that his
flight was not connected with the offense at trial.  Appellant=s counsel informed
the trial court that appellant did not know about the charges in this case, and
that there were two other outstanding warrants for his arrest.  Evidence
that he did not know of the warrant for his arrest, however, is not affirmative
evidence that he was fleeing for a reason other than his guilt for the
aggravated robbery.  Appellant=s showing was, at
best, weak circumstantial evidence that appellant had reasons for running apart
from  guilt for the crime at issue in this trial; this evidence did not
establish that appellant=s flight was unconnected to the offense
for which he was being tried. Thus, we cannot say that the trial court abused
its discretion in finding that appellant did not meet his burden.[1]  

C.     
No Abuse of Discretion in Overruling Rule 403 Objection

A party may have evidence excluded, although relevant, if
its probative value is substantially outweighed by the danger of unfair
prejudice.  Tex. R. Evid.
403.  The term unfair prejudice refers to an undue tendency to suggest a
decision on an improper basis, commonly, though not necessarily, an emotional
one.  Rogers v. State, 991 S.W.2d 263, 266 (Tex. Crim. App.
1999).  The appellant fails to point out what concerning the flight from
police is improper.  We see no tendency of the evidence to suggest a
decision on an improper basis.  Thus, we hold that the trial court 
did not abuse its discretion in overruling appellant=s Rule 403
objection.

Appellant seems to argue also that the Rule 403 objection
should have been sustained because the evidence that tended to rebut the
inference of guilt from appellant=s flight, i.e. the
prior offenses, would have been too prejudicial, had it been elicited on
cross-examination.  The unfair prejudice in Rule 403 must come from the
offered evidence itself, not from evidence that would have to be offered in
rebuttal.  See Tex. R. Evid.
403.  To the extent this argument constitutes a separate appellate issue,
it is also overruled. 

III.     
Allowing Testimony from Fingerprint Expert Was Not Error

 

Appellant complains in his third issue that the trial
court, in the punishment phase of trial, erred in permitting the State to
present Deputy James Dalrymple, a fingerprint expert witness from the Sheriff=s Office who was
not identified by name in the State=s designation of
experts.  The State merely disclosed that it would present a crime scene
investigator from the Harris County Sheriff=s Office
Identification Division for Afingerprint comparison and testimony.@  

A.
     Standard of Review

When a witness whose name is not on the list provided by
the State is permitted to testify at trial, the standard of review is whether
the trial court abused its discretion in allowing the witnesses to
testify.  Bridge v. State, 726 S.W.2d 558, 566 (Tex. Crim. App.
1986).  We examine two factors to decide if there was an abuse of
discretion: 1) whether the State=s actions
constituted bad faith, and 2) whether appellant could have reasonably anticipated
the testimony of Deputy Dalrymple.  See Nobles v. State, 843 S.W.2d
503, 514B15 (Tex. Crim.
App. 1992).  

B.     
Appellant Failed to Show Harm

Even though nothing in the record indicates bad faith on
the part of the State, we will assume arguendo that there was an abuse
of discretion by the trial court because the defendant could not have
reasonably anticipated precisely which fingerprint expert from the Harris
County Sheriff=s Office would testify.  Even assuming an abuse
of discretion, no harm or prejudice is shown.  See Tex. R. App. P. 44.2.  Appellant
failed to request a continuance or recess so that he could carry out any
further investigations of Deputy Dalrymple.  See Hernandez v. State,
819 S.W.2d 806, 816 (Tex. Crim. App. 1991) (holding that failure to request a
delay in trial to interview witness or investigate matters related to his
testimony prevented appellant from showing harm).  

Appellant has not identified any harm from not knowing
exactly which analyst would testify. Appellant knew, or should have known, the
general substance of the testimony that would come from the fingerprint
analyst.  Therefore, he cannot complain of harm from the content of the
testimony, or from a lack of opportunity to locate rebuttal testimony.  In
fact, appellant did not even attempt to challenge the fingerprint analyst=s testimony, even
though he had almost one month=s notice that a fingerprint expert from
the Harris County Sheriff=s Office would testify.  

 

Since appellant knew the type of testimony that would be
given, any harm would have to come from not knowing the identity of the
witness.  However, appellant has not shown any impeachment evidence that
he would have used against Deputy Dalrymple, had he known the witness=s identity in time
to gather such evidence. Nor has appellant alleged any other harm flowing from
the State=s failure to identify the fingerprint expert by name. 

We hold that the appellant suffered no harm by the State=s failure to
identify by name its fingerprint expert.  We therefore overrule his third
point of error.  See Tex. R.
App. P. 44.2.

Conclusion

Having overruled each of appellant=s three points of
error, we affirm the judgment of the trial court. 

 

 

 

 

 

/s/     
Wanda McKee Fowler

Justice

 

 

 

 

Judgment rendered and
Memorandum Opinion filed February 15, 2007

Panel consists of
Justices Fowler, Edelman, and Frost.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 

 














[1]  We also note that the case law suggests an
attorney=s statements to the court are not enough to make this
affirmative showing.  Rather, an offer of proof seems to be the
appropriate vehicle.  See Wockenfuss, 521 S.W.2d at 632 (stating
that issue could have been raised if appellant had taken stand outside jury=s presence to testify that flight occurred because of
a different charge or circumstance); Damron v. State, 58 Tex. Crim. 255, 125 S.W. 396 (1910) (reciting testimony given by appellant in his Abill@ as grounds for
reversal).