**Opinion filed February 4, 2021**



# In The

# Eleventh Court of Appeals

_____

## No. 11-19-00042-CR

_____

## DLIJAWON MCMARYION, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 441st District Court**

**Midland County, Texas**

**Trial Court Cause No. CR51674**

## M E M O R A N D U M   O P I N I O N

The grand jury indicted Appellant, Dlijawon McMaryion, for the first-degree felony offense of aggravated robbery, enhanced by an allegation of a prior conviction for felony theft. Appellant entered a plea of not guilty to the charged offense, and the case proceeded to a jury trial. The jury convicted Appellant of the lesser included offense of aggravated assault with a deadly weapon and assessed his punishment at twenty years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. The trial court sentenced Appellant accordingly.

In a single issue, Appellant argues that the trial court committed reversible error when it admitted extraneous evidence of Appellant's attempted escape. We affirm.

## I. *Factual Background*

On April 4, 2018, Appellant went to the apartment of the victim, Austin Haynes. Appellant and Haynes had been friends for approximately ten years. Witnesses presented conflicting testimony as to the reasons for the meeting; however, Haynes ultimately suffered a gunshot wound to his left leg. Appellant fled the scene after the shooting.

Officer Aaron Smith of the Midland Police Department was dispatched to the scene of the shooting. When he arrived at the scene, Officer Smith made contact with another officer who was already there. Officer Smith found Haynes lying on the floor just inside the doorway to the apartment, suffering from a gunshot wound to his left leg. During his discussion with Officer Smith, Haynes identified Appellant as the shooter. Law enforcement officers later found and arrested Appellant at a different residence.

Detective Rosie Rodriguez of the Midland Police Department interviewed Haynes at the hospital. On the day of the shooting, Haynes and Appellant were at Haynes's apartment smoking a blunt. At the time, Haynes had $800 in cash that he had received when he sold a vehicle. Appellant asked Haynes if he had change for a $100 bill. When Haynes produced the $800 from his pocket to see if he could make change, Appellant "pulled out the gun and pointed it to [Haynes's] head." Haynes testified that, because he refused to give Appellant the money, Appellant shot him in his left leg.

Appellant testified at trial and presented a different version of events. Appellant testified that Haynes contacted him on April 3 via Snapchat for the purpose of buying marihuana from Appellant. According to Appellant, he went to Haynes's apartment the next day to smoke a blunt with him. After they had smoked

the blunt, Haynes pointed a gun at Appellant and threatened him. Appellant stated that a struggle over the gun ensued and that the gun discharged. Appellant fled the scene and went to a house on Pine Street, where the police later arrested him.

During cross-examination, the State questioned Appellant about his guilt for the charged offense of aggravated robbery. In response, Appellant testified that, if anything, he was only guilty of "fixing to sell [Haynes] some marijuana." Based on this testimony, the State requested permission to offer testimony about Appellant's attempted escape from custody, during an earlier pretrial hearing, to show Appellant's "consciousness of guilt." The trial court had previously ruled during the State's case-in-chief that such evidence was inadmissible because, on balance, the prejudicial effect of the evidence outweighed its probative value. However, because Appellant had testified during the State's cross-examination that he was "completely innocent" of the charged offense, the State contended that Appellant had "opened the door" to the admissibility of his attempted escape. In light of Appellant's testimony, the trial court reconsidered its previous ruling, agreed with the State, and admitted evidence of Appellant's escape attempt.

## II. *Standard of Review – Admissibility of Evidence*

In Appellant's sole issue, he challenges the trial court's final decision to admit evidence of his attempted escape. *See* TEX. R. EVID. 403. We review the trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Rhomer v. State*, 569 S.W.3d 664, 669 (Tex. Crim. App. 2019); *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010); *Coble v. State*, 330 S.W.3d 253, 272 (Tex. Crim. App. 2010). This standard of review also applies to a trial court's decision to admit or exclude extraneous-offense evidence. *De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). We will not reverse a trial court's decision to admit or exclude evidence, and there is no abuse of discretion, unless that decision lies outside the zone of reasonable disagreement. *Beham v. State*, 559 S.W.3d 474,

478 (Tex. Crim. App. 2018); *De La Paz*, 279 S.W.3d at 343–44; *Martin v. State*, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005). Furthermore, we will uphold a trial court's evidentiary ruling if it is correct on any theory of law that finds support in the record and is applicable to the case. *Henley v. State*, 493 S.W.3d 77, 93 (Tex. Crim. App. 2016); *Gonzalez v. State*, 195 S.W.3d 114, 125–26 (Tex. Crim. App. 2006); *Dering v. State*, 465 S.W.3d 668, 670 (Tex. App.—Eastland 2015, no pet.).

### III. *Analysis*

Appellant asserts that the trial court committed reversible error when it allowed the State to offer evidence of Appellant's earlier escape attempt solely because Appellant professed his innocence to the charged offense during the State's cross-examination.

As we have noted, the trial court originally ruled that evidence of Appellant's attempted escape was inadmissible because, on balance, the prejudicial effect of admission substantially outweighed any probative value. However, when responding to the State's cross-examination, Appellant repeatedly asserted that he was innocent of the charged offense. The State then re-urged its request to offer evidence of Appellant's escape attempt, claiming that, because of his testimony during cross-examination, Appellant had "opened the door" to the admission of this evidence. The State contended that the purpose in offering this evidence was to show Appellant's "consciousness of guilt."

The trial court reconsidered its ruling and agreed with the State. The State proceeded to develop and elicit evidence of Appellant's prior escape attempt. On appeal, Appellant contends that the trial court erred when it reconsidered its ruling and admitted this evidence—effectively penalizing him for professing his innocence to the charged offense. We disagree.

*A. Opening the Door*

We note at the outset that Appellant relies on *Shipman v. State*, 604 S.W.2d 182, 185 (Tex. Crim. App. [Panel Op.] 1980), and *Roberts v. State*, 29 S.W.3d 596, 601 (Tex. App.—Houston [1st Dist.] 2000, no pet.), for the proposition that the State, during its cross-examination, may not by its own prompting or other conduct elicit evidence from Appellant that would "open the door" to the admission of evidence that would otherwise be inadmissible. As such, because Appellant has the right to maintain his innocence throughout the trial, the State could not cause Appellant to "open the door" to the very evidence that he now claims that the trial court improperly admitted. Although this proposition may generally be true, the record before us does not support its application and refutes Appellant's contention.

Otherwise inadmissible evidence may be admitted if the party against whom the evidence is offered "opens the door." *Hayden v. State*, 296 S.W.3d 549, 554 (Tex. Crim. App. 2009). A party "opens the door" by leaving a false impression with the jury that invites and permits the other party to present evidence to expose, correct, or rebut the false impression. *Id.* As we noted in *Kinsey*, the concept of "opening the door" is an aspect of relevancy that can make otherwise nonrelevant evidence relevant. *Kinsey v. State*, No. 11-12-00102-CR, 2014 WL 2459690, at *11 (Tex. App.—Eastland May 22, 2014, no pet.) (mem. op., not designated for publication). Furthermore, "'[o]pening the door' or 'inviting' testimony that would otherwise pertain to an inadmissible subject matter does not mean that such testimony is necessarily 'invited' into evidence in *any* form." *Kipp v. State*, 876 S.W.2d 330, 337 (Tex. Crim. App. 1994).

Appellant argues that he was impermissibly prompted by the State during cross-examination into "opening the door" to the admission of evidence of his escape attempt. We are not persuaded. To the contrary, Appellant testified during direct examination and presented a competing factual version as to how Haynes was shot,

including an assertion of self-defense whereby he claimed that Haynes brandished the weapon and that the weapon was discharged during their struggle for it. Appellant also vehemently denied his guilt during his direct examination testimony. He specifically proclaimed his innocence to the charged offense of aggravated robbery and testified that he would have pleaded guilty to this offense if he was, in fact, guilty. Furthermore, during cross-examination, he repeatedly reiterated his claim of innocence.

We conclude that Appellant's collective testimony provided a justifiable basis for the trial court to reasonably determine that Appellant had "opened the door" to the admission of evidence of his escape attempt. Moreover, the State was entitled to present evidence to clarify and rebut any false impression that Appellant's testimony might have created on that matter.

*B. Escape/Flight*

There is another theory that supports the trial court's decision to admit the evidence of Appellant's escape attempt.

Rule 404(b) generally prohibits the admission of extraneous-offense evidence during the guilt/innocence phase of a trial to prove that a defendant committed the charged offense in conformity with bad character. *Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011) (citing TEX. R. EVID. 404(b)). However, extraneous-offense evidence may be admissible for other purposes if it has relevance apart from character conformity. *Id.*; *Moses v. State*, 105 S.W.3d 622, 626 (Tex. Crim. App. 2003); *Hernandez v. State*, 426 S.W.3d 820, 825 (Tex. App.—Eastland 2014, pet. ref'd).

Evidence of escape or flight is an exception to Rule 404(b)'s admissibility prohibition because such evidence is admissible as a circumstance from which an inference of guilt may be drawn. *Bigby v. State*, 892 S.W.2d 864, 883 (Tex. Crim. App. 1994); *Foster v. State*, 779 S.W.2d 845, 859 (Tex. Crim. App. 1989);

6

*Cantrell v. State*, 731 S.W.2d 84, 93 (Tex. Crim. App. 1987); *Rumbaugh v. State*, 629 S.W.2d 747, 752 (Tex. Crim App. 1982); *Valdez v. State*, 623 S.W.2d 317, 321 (Tex. Crim. App. [Panel Op.] 1981); *Holloway v. State*, 525 S.W.2d 165, 167–68 (Tex. Crim. App. 1975). Before the evidence of escape from custody or flight is admissible, it must pertain to and have some legal relevance to the offense under prosecution. *Rumbaugh*, 629 S.W.2d at 752; *Wockenfuss v. State*, 521 S.W.2d 630, 632 (Tex. Crim. App. 1975); *Hodge v. State*, 506 S.W.2d 870, 873 (Tex. Crim. App. 1974) (op. on reh'g). Thus, to have this evidence excluded, a defendant must affirmatively show that the escape or flight is directly connected to another transaction and not to the offense on trial. *Wockenfuss*, 521 S.W.2d at 632; *Hodge*, 506 S.W.2d at 873.

Even if its admissibility is not prohibited under Rule 404(b), evidence of flight or escape may nonetheless be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. *See* TEX. R. EVID. 403. Because Rule 403 favors the admissibility of relevant evidence, it is presumed that relevant evidence will be "more probative than prejudicial." *Montgomery v. State*, 810 S.W.2d 372, 388 (Tex. Crim. App. 1991) (op. on reh'g); *see also De La Paz*, 279 S.W.3d at 343 & n.17. The intent of Rule 403 is not to exclude all evidence that tends to prejudice the opponent's case. *Davis v. State*, 329 S.W.3d 798, 806 (Tex. Crim. App. 2010). Rather, it only prevents the admission of evidence that promotes a jury's decision on an improper basis. *Id.*; *Montgomery*, 810 S.W.2d at 389. Therefore, we must determine how compelling or probative the evidence of escape is as it concerns a fact of consequence. *Montgomery*, 810 S.W.2d at 391.

> When performing a Rule 403 analysis, a trial court must balance:
>
> (1) the inherent probative force of the proffered item of evidence along with (2) the proponent's need for that evidence against (3) any tendency of the evidence to suggest [a] decision on an improper basis, (4) any tendency of the evidence to confuse or distract the jury from the main

7

issues, (5) any tendency of the evidence to be given undue weight by a jury that has not been equipped to evaluate the probative force of the evidence, and (6) the likelihood that presentation of the evidence will consume an inordinate amount of time or repeat evidence already admitted.

*Casey v. State*, 215 S.W.3d 870, 880 (Tex. Crim. App. 2007) (citing *Gigliobianco v. State*, 210 S.W.3d 637, 641–42 (Tex. Crim. App. 2006)). Similarly, in reviewing the trial court's determination of whether evidence should be excluded under Rule 403, we consider the above factors and balance the claimed probative force of the evidence with the proponent's need for such evidence. *Henley*, 493 S.W.3d at 93; *Gigliobianco*, 210 S.W.3d at 641–42.

In this case, Appellant claims that the trial court erred when it reconsidered its ruling to exclude evidence of his escape attempt because it had previously determined that this evidence was, on balance, too prejudicial. This argument fails. The trial court properly balanced the need for admitting this evidence based on the state of the evidence that had been presented at the time. Indeed, evidence of escape or flight, unlike many other extraneous offenses, shows a consciousness of guilt of the crime for which the defendant is on trial. *See Foster*, 779 S.W.2d at 859; *Cantrell*, 731 S.W.2d at 93; *Rumbaugh*, 629 S.W.2d at 752; *Wockenfuss*, 521 S.W.2d at 632; *Hodge*, 506 S.W.2d at 873. Such is the case here. Appellant's attempt to escape is indicative of his consciousness of guilt of the charged offense, and the jury was entitled to so infer.

Here, there is no evidence in the record that the admission of this evidence resulted in or suggested that the jury's decision was made on an improper basis. There is no evidence that the admission of this evidence enhanced the jury's hostility or sympathy for or against either party. There is no evidence that the admission of such evidence tended to confuse or distract the jury from ultimately deciding whether Appellant committed the charged offense or the lesser offense for which the

jury convicted Appellant. Furthermore, the admitted evidence of Appellant's escape attempt was neither repetitive nor cumulative. In fact, there was, at best, only minimal emphasis of this evidence by the State.

Finally, the trial court included a proper limiting instruction in the jury charge in which the trial court addressed the jury's use and consideration of any extraneous-offense evidence admitted at trial so as to mitigate any potential improper consideration of this evidence by the jury when it was deciding Appellant's guilt.

When we review a trial court's ruling on the admissibility of relevant evidence, we must give wide latitude to the trial court, particularly in light of the presumption that the probative value of relevant evidence outweighs the danger of unfair prejudice. *Montgomery*, 810 S.W.2d at 389; *see De La Paz*, 279 S.W.3d at 343 & n.17. Evidence of escape from custody has greater probative value than prejudice and is therefore admissible to show a defendant's guilt. *Havard v. State*, 800 S.W.2d 195, 203 (Tex. Crim. App. 1989); *Rumbaugh*, 629 S.W.2d at 752; *McWherter v. State*, 607 S.W.2d 531, 534–35 (Tex. Crim. App. 1980). Here, Appellant did not dispute the evidence offered by the State of his escape attempt, nor did he advance any alternative or legitimate reason for his escape attempt that was not otherwise directly connected with the offense on trial.

## IV. *Conclusion*

We have reviewed the record under the applicable standards of review to determine whether the trial court abused its discretion when it admitted evidence of Appellant's escape attempt. Here, the trial court could have properly determined that Appellant opened the door to the admission of the evidence. Additionally, it was within the trial court's discretion to determine that the probative value of the evidence that concerned Appellant's escape attempt substantially outweighed any unfair prejudice to Appellant. The trial court properly balanced the State's need for this evidence, and the record supports the trial court's decision to admit this evidence

9

under either theory addressed above. As such, the trial court's decision to admit evidence of Appellant's escape attempt was not outside the "zone of reasonable disagreement." *See Bigby*, 892 S.W.2d at 884. Therefore, we hold that the trial court did not abuse its discretion when it admitted this evidence. Accordingly, we overrule Appellant's sole issue on appeal.

## V. *This Court's Ruling*

We affirm the judgment of the trial court.


W. STACY TROTTER

JUSTICE


February 4, 2021

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.