**Opinion filed April 6, 2017**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00029-CR
_____

### MIGUEL ANGEL MUNOZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 432nd District Court**
**Tarrant County, Texas**
**Trial Court Cause No. 1292696D**

## M E M O R A N D U M   O P I N I O N

The jury found Miguel Angel Munoz guilty of two counts of aggravated sexual assault of a child under the age of fourteen years old.[1] The jury assessed punishment at confinement for seventy-five years and a fine of $10,000 for each count, to run concurrently. The trial court sentenced Appellant accordingly. On

---

[1]TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(iii), (iv), (a)(2)(B) (West Supp. 2016).

appeal, Appellant asserts eight issues in which he collectively asserts that the trial court committed jury charge error, improperly ruled on objections to a prosecutor's sidebar comment, violated the Double Jeopardy Clause, and imposed an impermissible fine of $20,000. We modify the judgments to reflect that the $10,000 fines shall run concurrently. As modified, we affirm.[2]

## I. *Evidence at Trial*

Because Appellant does not challenge the sufficiency of the evidence, we only outline some of the facts contained in the record. Joshua Gowins, a detective with the Arlington Police Department, testified that he received a call around 4:40 a.m. about an altercation between a male and a female in an open field near an industrial area and a gentlemen's club. The caller was David Hedge, a tow truck driver who had been flagged down by a homeless man, Jonathon Chaney. Chaney told Hedge what he saw, and Hedge called 9-1-1 to report the incident. Once Detective Gowins arrived at the scene, Hedge spoke to him, while Chaney talked to another officer.

Chaney testified that he had lain down to try to sleep under the bushes and trees near the field when he heard a scuffle. Chaney said that he saw a struggle between a Hispanic male, who wore a red plaid shirt and blue jeans, and a female. The man said, "If you scream, I'll f-----g kill you. I'll f-----g kill you if you scream." Chaney said that the victim was screaming for the man to "get off of her." Chaney went to see what was happening, and the man ran away. Chaney then flagged down Hedge.

The twelve-year-old victim, C.S., met with Investigator Diane Brown, who drew a composite sketch of the assailant from C.S.'s description. C.S. testified that Appellant, who smelled of alcohol, grabbed her and dragged her into some bushes

---

[2]Under a docket equalization order, the Texas Supreme Court transferred this appeal from the Second Court of Appeals to the Eleventh Court of Appeals. As required under Rule 41.3 of the Texas Rules of Appellate Procedure, we will decide this case in accordance with the precedent of the Second Court of Appeals.

in an open field, pulled her pants down, tried to put his penis in her vagina, flipped her over, and raped her; he put his penis in her "butt." She said that, while he raped her, she felt something "liquidy" inside her. At trial, C.S. identified Appellant as her assailant.

Shannon Reeves, a crime scene investigator, found two ribbons and an "mp3 player" at the crime scene; a shirt was located in a trash can at a nearby Valero gas station. C.S. identified as hers the mp3 player and one of the ribbons at the crime scene.

Sophia Grant, a child abuse pediatrician, spoke to C.S. about the assault. C.S. told her that a man pushed her into the bushes, pulled her pants down, stuck his penis in her anus several times, turned her over, and rubbed his penis on her vagina. Dr. Grant performed a sexual assault exam on C.S., which included an exam of C.S.'s anus and vagina and the collection of DNA swabs from C.S.'s neck, around and inside her anus, and around her vagina. Later, that DNA was put through a national database, and a potential match came back to Appellant.

A DNA sample was taken from Appellant and tested against the samples taken from C.S.'s exam. Appellant's DNA matched the DNA profile from spermatozoa found on two swabs of C.S.

Appellant testified that he had used cocaine and marihuana and that he met the victim on the street in a known crime area. She told him that her name was Brittany and that she was nineteen years old. Appellant claimed that he offered her money for sex and that she voluntarily agreed to have sex with him. He said that he inserted his finger into her anus after he had touched his sexual organ and that that was why his semen was inside of her. He further claimed that he did not try to penetrate her vagina. However, he admitted that he stole her phone, threw his shirt away at the Valero, and changed into another shirt. On cross-examination, he said

that C.S. was "not lying" but that "[s]he left a lot out of her testimony."  In his words, she was "[b]ending the truth."

## II. *Issues Presented*

Appellant asserts eight issues on appeal.  In his first and third issues, he contends that the trial court should have provided the jury with an instruction that would have permitted the jury to weigh the evidence of the extraneous offenses of solicitation of prostitution and theft "in a manner *favorable* to him."  In his second, fourth, and fifth issues, Appellant asserts that the trial court erred when it failed to provide the jury with instructions that would have permitted the jury to convict him of the lesser offense of solicitation of prostitution, the lesser offense of theft, and the lesser included offense of indecency with a child.  In his sixth issue, he contends that the trial court abused its discretion when it overruled defense counsel's objection to a prosecutor's "sidebar" comment.  In his seventh issue, he claims that he was convicted twice for the same offense in violation of the Double Jeopardy Clause.  In his eighth issue, Appellant asserts that, because the trial court ordered concurrent sentences, the two fines of $10,000 were impermissibly "stacked."  We will address each issue.

## III. *Analysis*

A. <u>*Issues One and Three*</u>: *The trial court did not err when it failed to instruct the jury that it could consider the extraneous offenses of solicitation of prostitution and theft in Appellant's favor.*

In his first and third issues, Appellant asserts that the trial court should have included an instruction in the jury charge that would have permitted the jury to consider evidence of the extraneous offenses, specifically solicitation of prostitution and theft, in a manner "favorable" to Appellant.  Appellant argues that, if such an instruction had been given, the jury could have weighed the evidence of those extraneous offenses as evidence supporting his defense, i.e., that he committed those

4

extraneous offenses but did not commit the offense for which he was charged in this case. We note that Appellant did not object to the charge. As we explain below, the trial court did not err when it failed to include such an instruction.

The trial court must instruct the jury on each element of the offense or offenses charged and include in its charge each statutory definition that affects the meaning of an element of the offense. *Murphy v. State*, 44 S.W.3d 656, 661 (Tex. App.—Austin 2001, no pet.). When we review a jury-charge issue, we first decide whether error exists, and if it does, then we conduct a harm analysis under *Almanza*. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985); *see Elizondo v. State*, 487 S.W.3d 185, 205 (Tex. Crim. App. 2016); *Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013); *see also Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005).

The record reflects that the jury charge included a proper limiting instruction with respect to the jury's consideration of an extraneous offense. *See Delgado v. State*, 235 S.W.3d 244, 253–54 (Tex. Crim. App. 2007); *Jones v. State*, 119 S.W.3d 412, 425–27 (Tex. App.—Fort Worth 2003, no pet.). An instruction such as that suggested by Appellant in his first and third issues would have been an improper comment on the weight of the evidence. When the trial court instructs the jury, it must set forth the law applicable to the case without expressing any opinion on the weight of the evidence, summing up the testimony, or discussing facts calculated to arouse the sympathy of the jury. *See* TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). "Even a seemingly neutral instruction about a particular type of evidence constitutes an impermissible comment on the weight of the evidence in violation of Art. 36.14 because such an instruction singles out a particular piece of evidence for special attention." *Matamoros v. State*, 901 S.W.2d 470, 477 (Tex. Crim. App. 1995). We overrule Appellant's first and third issues on appeal.

*B.*  *Issues Two and Four: The trial court did not err when it failed to instruct the jury on the lesser offenses of solicitation of prostitution and theft.*

In his second and fourth issues, Appellant asserts that the trial court should have included instructions in the jury charge that would have permitted the jury to convict him of the lesser offense of solicitation of prostitution or the lesser offense of theft.  Appellant concedes in his brief that these offenses are not lesser included offenses of aggravated assault of a child under the age of fourteen; the elements of solicitation of prostitution and theft are different from the elements of aggravated sexual assault of a child under the age of fourteen.  *See* PENAL §§ 22.021(a)(1)(B), 31.03, 43.02.  Appellant argues, however, that he seeks a change in the law in this regard.  The arguments made by Appellant in his second and fourth issues are meritless for at least two reasons.

First, as an intermediate appellate court, we are not authorized to change the law.  Second, Appellant did not request that either of these instructions on lesser offenses be included in the jury charge, nor did he object to their omission.  It is well settled that a trial court has no duty to sua sponte instruct the jury on a defensive issue or on a lesser included offense and that, absent a request by the defendant, a jury instruction on a defensive issue or a lesser included offense is not the law "applicable to the case."  *Tolbert v. State*, 306 S.W.3d 776, 781 (Tex. Crim. App. 2010).  We overrule Appellant's second and fourth issues.

*C.*  *Issue Five: The trial court did not err when it failed to instruct the jury on the offense of indecency with a child.*

In his fifth issue, Appellant asserts that the trial court should have included an instruction on indecency with a child because he claims it is a lesser included offense of aggravated sexual assault of a child under the age of fourteen.  We again note that Appellant did not request any such instruction at trial.  A trial court has no duty to sua sponte instruct the jury on a lesser included offense, and absent a request by the

6

defendant for its inclusion, a jury instruction on a lesser included offense is not the law "applicable to the case." *Id.* Moreover, in this case, Appellant was charged with committing the offense of aggravated sexual assault by both contacting and penetrating the twelve-year-old victim's anus and sexual organ with his sexual organ. *See* PENAL § 22.021(a)(1)(B), (a)(2)(B) (aggravated sexual assault of a child); *see also* PENAL § 21.11(a)(1) (indecency with child). Even if Appellant had requested an instruction on indecency, the trial court would not have erred by refusing to give such an instruction. *See West v. State*, No. 11-13-00298-CR, 2015 WL 6681316, at *2–3 (Tex. App.—Eastland Oct. 30, 2015, pet. ref'd) (mem. op., not designated for publication); *Shelby v. State*, No. 14-01-00581-CR, 2002 WL 31426618, at * 2–3 (Tex. App.—Houston [14th Dist.] Oct. 31, 2002, pet. ref'd) (not designated for publication); *Reyes v. State*, No. 07-01-0427-CR, 2002 WL 31174934, at *4 (Tex. App.—Amarillo Oct. 1, 2002, pet. ref'd) (not designated for publication). We overrule Appellant's fifth issue.

> D. *Issue Six: Because Appellant's counsel who was to complete redirect did not object to the improper comment by the prosecutor, Appellant has failed to preserve error.*

In his sixth issue, Appellant contends that the trial court erred when it overruled defense counsel's objection to a "sidebar" comment made by the prosecutor. We disagree with Appellant because, as the State points out, Appellant's complaint at trial and on appeal are different. At trial, Appellant had two defense counsel. The one who questioned Appellant in court did not lodge the objection; rather, Appellant's other trial counsel objected to the prosecutor's comment, "Yeah, you might have," which was made in response to Appellant's testimony that he might have made the victim's situation worse. The trial court explained to defense counsel which of them needed to make the objection, but the attorney that conducted the examination of Appellant did not make the objection or request a ruling on the

prior objection. On appeal, Appellant claims that the local rule of "owning the witness" is unsupported by applicable case law, but he fails to cite any authority to support his position. Appellant also claims that the trial court's error resulted in a due process violation and that the prosecutor's comment improperly injected his personal beliefs into the trial. Because Appellant failed to brief the first contention, he waived it on appeal. TEX. R. APP. P. 38.1. As to the remaining complaints, he failed to raise them at trial and has failed to preserve them on appeal. TEX. R. APP. P. 33.1; *Lovill v. State*, 319 S.W.3d 687, 691 (Tex. Crim. App. 2009); *see also Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012); *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009). We overrule his sixth issue on appeal.

> E. <u>*Issue Seven*</u>: *The trial court did not violate the Double Jeopardy Clause of the United States Constitution because the State adduced evidence of two separate acts of aggravated sexual assault of a child under the age of fourteen.*

In his seventh issue, Appellant asserts that the trial court violated double jeopardy when it permitted the jury to convict Appellant of two counts of aggravated sexual assault of a child under the age of fourteen. Whether Appellant may be subjected to multiple prosecutions under Section 22.021 of the Texas Penal Code has been resolved by the Court of Criminal Appeals. *See Vick v. State*, 991 S.W.2d 830, 832–33 (Tex. Crim. App. 1999). As the *Vick* court outlined:

> [Section] 22.021 is a conduct-oriented statute; it uses the conjunctive 'or' to distinguish and separate different conduct; and its various sections specifically define sexual conduct in ways that usually require different and distinct acts to commit. These considerations lead us to conclude that the Legislature intended that each separately described conduct constitutes a separate statutory offense.

*Id.*

In the instant case, different conduct was charged in two counts in one indictment. Appellant was charged in count one with having his sexual organ

contact or penetrate the victim's anus, while the second count alleged that his sexual organ contacted the victim's sexual organ. These two alleged acts constituted a separate and distinct statutory offense for each act even though they both are violations of a single statute. *See Cochran v. State*, 874 S.W.2d 769 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd); *David v. State*, 808 S.W.2d 239 (Tex. App.—Dallas 1991, no pet.). Because the two counts alleged violations of separate and distinct statutory aggravated sexual assault offenses and involved separate and distinct acts, the inquiry for double jeopardy purposes ends. *See Vick*, 991 S.W.2d at 832–33. The *Blockburger* test serves as a jeopardy bar only in prosecutions of multiple offenses arising from "the same act or transaction" under certain circumstances. *Blockburger v. United States,* 284 U.S. 299, 304 (1932); *Vick*, 991 S.W.2d at 832–33. We overrule Appellant's seventh issue.

F. *Issue Eight: After the trial court ordered concurrent sentences, it erred when it "stacked" two fines of $10,000.*

In his eighth and final issue, Appellant asserts that the trial court impermissibly stacked two fines for purposes of withdrawals from his inmate account. The State responds that the trial court erred when it imposed a fine of $20,000; the State asserts that the fine should be $10,000 total for both convictions. Although the State concedes error, that concession is not conclusive on appeal. *Saldano v. State*, 70 S.W.3d 873, 884 (Tex. Crim. App. 2002); *Isham v. State*, 258 S.W.3d 244, 248 (Tex. App.—Eastland 2008, pet. ref'd). We must conduct an independent examination of the merits of Appellant's claim. *Isham*, 258 S.W.3d at 248. The trial court ordered that Appellant's two convictions for aggravated sexual assault of a child, which were charged in a single indictment, be served concurrently. Fines that are part of concurrent sentences must also run concurrently. *State v. Crook*, 248 S.W.3d 172, 174 (Tex. Crim. App. 2008). Therefore, the order to withdraw funds, which was specifically incorporated into the judgments, and the

bills of cost, which were attached to the judgments, are erroneous as they reflect the imposition of a fine of $20,000.  We sustain Appellant's eighth issue.

As an appellate court, this court has the power to correct and reform a trial court judgment to make the record speak the truth when we have the necessary data and information to do so.  *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.) (citing *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd)); *see also* TEX. R. APP. P. 43.2(b).  We modify the judgments to reflect that the $10,000 fines are to be imposed concurrently; in doing so, we modify the order to withdraw funds, which currently reads, "Court costs, fees and/or fines and/or restitution have been incurred in the amount of **$20,649.00**," to reflect an amount of **$10,649.00** instead of $20,649.00.  Additionally, the bill of cost for Count Two, which contains no amount other than the $10,000 fine for that count, shall be vacated.

## IV. *This Court's Ruling*

As modified, we affirm the judgments of the trial court.

MIKE WILLSON
JUSTICE

April 6, 2017

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.